COALTER, use, &c. *versus* BELL.

1. A plea, averring that an obligation sued on, was given, in consideration of the performance of services, not yet performed; but which shows that the services were in the progress of performeanc is a plea in abatement—and, not being verified, by affidavit, is demurrable.
2. But such plea cannot be pleaded, after the filing of a plea in bar.
3. That a judgment for costs is rendered against a party, for whose use a suit is prosecuted, without including the nominal plainttff, is no error.
4. Wherever the facts of a plea in abatement, *do not appear in the record*, such plea must be verified by affidavit.

This action was brought, in Franklin Circuit court, by Coalter, use of Kirkmans, to recover of Bell, an amount of money, covenanted to be paid, in consideration of legal services; and, to be paid, when a certain cause was determined. The defendant plead— first, that the plaintiff had not performed his covenant, &c.; and, second, that the suit, on the determination of which the obligation was to be paid, was still pending, and undecided. The court sustained a demurrer to this plea, which was in this court, assigned as error.

COALTER, use, &c. vs. BELL.

TAYLOR, J.—This action was brought in the Circuit court of Franklin county, by the plaintiff in error, for the use of T. and J. Kirkman, againt the defendant, upon a writing, under seal, by which the defendant promised to pay the plaintiff three hundred dollars, for prosecuting a suit, against Arthur S. Hogan, for the recovery of certain negroes, so soon as the said suit should be determined. The defendant pleaded—first, that the plaintiff had not performed the covenant, on his part, &c.; and, second, a special plea, of which the following is a copy, "And, for the further plea, &c. said defendant saith, the said plaintiff *actio non*, &c. because he saith this defendant employed said plaintiff as an attorney at law, to bring a suit against Arthur S. Hogan, for the recovery of certain negroes; and, as such, executed to him, the plaintiff, the writing, obligatory, mentioned in the plaintiff's declaration: and, this defendant avers, that said plaintiff commenced a suit against said Hogan, in the Circuit court of Franklin county, for the recovery of said negroes; and said plaintiff, some time thereafter, discovered, that he had commenced an action wrong, and, thereupon, non-suited the defendant, and brought another action, for the recovery of the same negroes; which said last mentioned action, is now pending, and undecided," &c. To this plea the plaintiff demurred : the demurrer was overruled, and judgment rendered against T. and J. Kirkman, for the costs.

It is assigned, for error—

1st. That the demurrer was overruled, when it should have been sustained.

2nd. That judgment was rendered against the *cestui que trust*, for costs, without including the trustee.

The last assignment cannot be supported. The

statute authorises a judgment, for the costs, against the person, for whose use a suit is brought; and it can be no ground of complaint to him, that there is no judgment against the plaintiff to the action—because he would be liable over to the plaintiff, if the judgment were against, and the costs paid by him.

The first assignment brings before us the sufficiency of the plea, which was demurred to. It alleges, that the services, in consideration of which the writing, sued on, was executed, and which were to be rendered *in futuro*, as a condition precedent, to the liability of the defendant, had not been performed; but, that the plaintiff was then engaged in rendering them. This plea shows, that the plaintiff had no present cause of action; but, that he might, and probably would, fulfil the condition precedent: and then, and not before, the defendant's liability would accrue—for it shows, upon its face, that the suit might, afterwards, be successfully brought.— The plea, then, is in abatement, and not in bar.— Were it in bar, and sustained, no future action could be supported upon the instrument: but, it cannot be contended, that a right of action would not accrue upon the future performance of the services. As a plea in abatement, it is altogether informal: it cannot be pleaded, after a plea in bar : and, as the facts averred in it, do not appear upon the record, affidavit should have been made, of their truth. The demurrer, therefore, should have been sustained.

We do not give any opinion, as to the sufficiency of the averments, if the plea were in bar. My own impression, however, is, that they are too vague and indefinite, to constitute a sufficient answer to the declaration. It does not sufficiently appear, that the

action in which the non-suit was taken, was the one which was brought to recover the negroes, referred to in the defendant's bond; nor that the non-suit was produced by the default of the plaintiff.

The judgment must be reversed and the cause remanded.