## BROWN'S HEIRS *vs.* POWELL, Adm'r.

45 149
127 656

[CONTEST ON APPLICATION TO SELL LANDS OF DECEDENT FOR DISTRIBUTION.]

1. *Abatement, plea in; when may be stricken from files before being disposed of.*—If a plea in abatement is filed, and afterwards, before the plea in abatement is disposed of, the defendant pleads in bar to the action, and the parties thereupon proceed to prepare the case for trial on the merits, the plea in abatement will be held to be waived, and it may be stricken from the files without error.

2. *Plea; what, bad on demurrer.*—In an application by an administrator to sell the lands of his intestate for distribution among the heirs, because the same can not be equitably divided, &c., a plea that certain of the heirs have received advancements to the amount of their distribu

tive shares or interest in the estate, and that by excluding the heirs so advanced to, the lands can be equitably divided among the remaining heirs, is bad on demurrer.—(SAFFOLD, J., *dissenting.*)

3. *Sale of decedent's lands for distribution; what real issue on trial of application for.*—In such a proceeding, the real issue is, can the lands be equitably divided among all the heirs without a sale; therefore, evidence that some of the heirs have been advanced to to the full amount of their interest in the estate, and by excluding them the lands can be equitably divided amongst the other heirs, is irrelevant, and may be excluded on the trial.—(SAFFOLD, J., *dissenting.*)

4. *Same; practice as to amendment and continuance in such a proceeding.* On the hearing of such a proceeding, the court may, in its discretion, permit an amendment of the petition, and if thereby a contestant is embarrassed in his defense, or the condition of the case is so changed as to render new pleas or further evidence necessary, the court, on his application, should postpone a further hearing of the case, and give him time and leave to file new pleas and to take further evidence.

5. *Same, judgment of probate court in such proceedings; when only will be reversed.*—In a proceeding of this sort, it is the peculiar province of the court to judge of the credibility and sufficiency of the evidence, and unless the record shows that the court was in this clearly mistaken, the judgment or decree should not be reversed on the ground that the evidence is incredible or insufficient.

APPEAL from Probate Court of Tuskaloosa.
Tried before Hon. WILLIAM MILLER.

The decree in this case was rendered by the probate court of the county of Tuskaloosa, ordering the sale of the lands of the estate of John A. Brown, deceased, for division, because the same could not be equitably divided amongst the heirs.

The application was made by the appellee, the administrator *de bonis non* of said estate. The application was resisted by appellant, one of the heirs at law of said deceased.

On the day appointed for the hearing of such application, the said appellant, Newburn H. Brown, appeared and pleaded in abatement of the application the following plea: "Newburn H. Brown, one of the heirs and distributees of said estate, pleads in abatement of said petition, that at the time said petition was filed, there was another petition pending in the same court, in the name of the same petitioner, to sell the same lands, for the same purpose, and that the said petition has never been dismissed,

or otherwise finally disposed of, and that the said other petition is still pending in said court. The said Newburn H. Brown prays that the proceeding to abate which this plea is filed, may be abated." This plea is sworn to, and appears to have been filed on the twelfth day of April after the application was made.

After the filing of this plea in abatement, at the July term of the court, without any disposition having been made of the plea in abatement, the said contestant filed two pleas to the merits; the first is a general denial of all the allegations of the application or petition; the second alleges, in substance, that certain of the heirs had, by way of advancements, received their full share of the said estate, and that, these heirs so advanced being excluded, the lands could be equitably divided amongst the other heirs without a sale.

The administrator demurred to this plea and assigned the following causes of demurrer, to-wit: 1st, there is nothing in the plea denying the allegations of the petition; 2d, the said plea does not deny that Randall R. Brown, L. D. Brown and Lucy E. Miller are heirs at law of said John A. Brown; 3d, there is nothing in the orders or decrees mentioned in said plea that affects this proceeding; 4th, that the matter alleged in said plea is not material to the issue to be tried.

The proceeding, after the filing of the demurrer, appears to have been continued from time to time to the 14th of July. In the mean time, both parties proceeded to take depositions and to prepare the case for a hearing on the merits. On that day, the contestant was permitted to amend his second plea, as follows, to-wit: "And the said N. H. Brown further avers that the said lands, belonging as alleged, to the said estate of John A. Brown, deceased, can be equally divided between the heirs of said decedent, without a sale thereof."

The demurrer to the second plea was then sustained, and the contestant excepted. The proceeding seems then to have been continued to the 10th day of August, when the cause came on for a final hearing. After the administrator had introduced and read certain deeds in evidence,

to prove that the title to the lands proposed to be sold was in the decedent at the time of his death, he was, on his motion, allowed to amend his petition, by adding thereto another half quarter section of land, not mentioned in the original petition, and the contestant excepted. This half quarter of land was a part of the lands described in the deeds that had been read in evidence. On the calling of the case, the administrator moved the court to strike from the files the said plea in abatement. The motion was granted, the plea stricken out, and the contestant excepted. After this plea was stricken out, the administrator asked the leave of the court to dismiss the proceeding referred to in the plea in abatement, as pending when the petition in this case was filed. Leave was given, and the proceeding was dismissed. During the progress of the trial, the court, on the administrator's motion, excluded certain answers of the witnesses Robinson and Simpson, who had been examined by the contestant, and the contestant excepted. These answers tended to show, that by excluding the heirs who, as it was alleged, had received advancements, the lands could be equitably divided amongst the remaining heirs. The court, also, on the motion of the administrator, excluded certain decrees of said court, heretofore made, showing the sums that had been received as advancements by certain of the heirs of said estate, and also showing that Randall R. Brown, one of said heirs, was entitled to no distributive share of said estate, because, on a proceeding instituted to ascertain what he had received as advancement, he had refused to answer, denying that he had received any advancements. To the exclusion of the decrees contestant excepted. After hearing the evidence in the case, all of which is set out in the bill of exceptions, and after argument of counsel, the court rendered a decree ordering a sale of the lands, and the contestant excepted. From said decree the contestant has appealed to this court, and assigns the following errors, to-wit:

1. The striking out of the plea in abatement.
2. In sustaining the demurrer to the second plea.

3. The exclusion of the court records, and other testimony, to which exception was taken.

4. The amendment of the petition for the sale of the land.

5. The decree of the court ordering a sale of the lands·

SOMERVILLE & McEACHIN, for appellant.—1. The probate court erred in overruling the plea in abatement, or in striking it off the file. The record shows the pendency of the same cause of action, in the same court, and between the same parties, undismissed. This was proper ground for abatement by plea.—*Rood v. Esclava*, 17 Ala. 430; 1 Ch. Pl. 453; *Dean v. Massey*, 7 Ala. 601. The pretext for striking out this plea was, that the defendant, who put in the plea, had waived it by filing direct and cross-interrogatories to certain witnesses, whose depositions had been taken in the cause. This was to hold that the mere *preparation of proof* in a cause, was *an appearance*. It would be as proper to construe the mere subpœna of a witness into an appearance—a ruling which would make the delays of the law dangerous to the administration of justice.

The true test is, did the contestant *intend* to waive the defect pleaded in abatement, or to appear to the action? In *Nabors v. Nabors*, 2 Porter, 167, the court held that the giving of a replevy bond was not an appearance, and did not waive a plea in abatement. They say: " It was not such a voluntary act as manifested an *intention to waive the defect* of the writ, and can not be insisted on as such."

2. The sustaining of the demurrer, and the exclusion of the testimony of the witnesses Forrester, and others, and of the court records, showing such advancements to three of the heirs *as left them no interest in the lands sought to be sold*, raise, in effect, the same point.

The plea to which the demurrer was sustained, alleged, as the decree of the probate court showed, that under a statutory proceeding discovering advancements, it was adjudged, in accordance with the statute, (Rev. Code, § 1908,) upon the failure of one of the heirs to answer, that he had received his full proportionate share of the estate, *and had*

11

*no interest whatever therein.* Also, that similarly large advancements had been discovered against two other of the heirs, Lucy E. Miller and L. D. Brown, and that the *value* of the land and assets was such that they would be entitled to nothing from said estate, and therefore had no interest in the lands sought to be sold. The evidence excluded sought to prove the *value* of the lands, and to show that upon excluding R. R. Brown, or Lucy E. Miller and L. D. Brown, the said lands could be equitably divided among the other heirs—*really and in fact the only ones interested*—without a sale thereof. The plea and the evidence offered were ruled out, as irrelevant.

Section 2221 of the Revised Code authorizes a sale of the lands of an estate only when the same " can not be *equitably divided* among the heirs or devisees." Section 3106 states what allegations and proof are admissible to authorize a partition of lands among tenants in common ; and the two statutes being *in pari materia,* must be construed together. The contestant could clearly defeat the petition in the probate court, by showing that the land in question could be equitably divided or partitioned, and to do this, section 3106 requires the party to state the " *persons interested,*" and " *the interest of each person.*"

If three of the heirs were not interested, by reason of large advancements, consuming their entire interest in the estate, it was perfectly relevant to show it, because the land might probably have been equitably divided among the others who were interested. The law is, that evidence " is admissible if it *tends* to prove the issue, or constitutes a link in the chain of proof," (2 McLean, 596); that " evidence pertinent to the issue cannot be rejected," (*Sims v. Grazener,* 14 Ala. 695) ; or, as laid down more generally in a New York case, " Under a denial of the allegations in the complaint, the defendant may introduce any evidence which goes to controvert the facts which the plaintiff is bound to establish in order to sustain his action."—*Andrews v. Bond,* 16 Barb. 633; 1 Halst. Law Ev. p. 113, § 138; also, p. 117, § 171.

In addition to these objections, the record shows that minors are interested in the lands for the sale of which the

petition was filed; and in such case, the statute requires the exercise of the most guarded discretion and care. Rev. Code, § 2225.

3. The court erred in allowing the amendment to the petition. The witnesses were interrogated as to the lands *by designating the numbers by ranges, townships and sections,* and they only proved, if they proved anything, that *such lands, so designated,* could not be equitably divided—not that the lands in the amended petition could not be divided, but other and different lands, and a *less amount* by measurement. *The proof does not sustain the amended petition.* The witnesses might testify differently, if interrogated as to the lands therein described. It is possible that the lands first described might not be equitably partitioned, and that those set forth in the amended petition might be.

4. The testimony does not show that " necessity" for the sale of the land in question, required by section 2225 of the Revised Code, where the interests of minor heirs are involved, as in the present case.

MARTIN, and VAN HOOSE & POWELL, *contra.*—1. The demurrer to second plea was well taken, and properly sustained by the court. Before amendment, it contained no denial of the allegations of the petition, and evolved no issue. After amendment, the plea was still bad; it was argumentative.

2. If, however, the court erred in sustaining the demurrer, it will not lead to a reversal of this cause; " error, without injury," as this court has repeatedly decided, "will not work a reversal in appellant's favor."—See Shepherd's Dig. " Error and Appeal," p. 568. As the first plea put in issue every matter which appellant sought to develop by his second plea, he sustained no injury whatever.

3. The witnesses examined on behalf of plaintiff and defendants did not undertake to describe the lands of decedent by their "numbers." They claimed to be familiar with the lands owned by intestate, and of which he was seized and possessed at the time of his decease.

4. As the probate court was not determining the matter

of advancements to the heirs at law; and as the court could not know, until after the sale by the administrator, what was the value of the estate, the decrees rendered in reference to advancements to Randall R. and L. D. Brown, and Mrs. Lucy E. Miller, were not matters of evidence pertinent to the issue, and were properly excluded by the court.

5. The exclusion of impertinent and immaterial evidence is no ground of reversal. The probate court was not dealing with an hypothetical case; on the contrary, the matter then under consideration was before the court, in strict accordance with statutory provisions, and only such evidence as was proper and pertinent, in that point of view, was admissible.

6. It is submitted, that the record in this case clearly shows that the land must be sold, in order to effect an equitable division of the estate. If, in this position, we are correct, this appeal must be dismissed at appellants' costs.—See *Reese v. Harris*, 27 Ala. 301; *Gilmer v. Ware*, 19 Ala. 252; *Firemen's Ins. Co. v. McMillan*, 29 Ala. 147; *Jones v. Graham*, 24 Ala. 451; *Doe, d., Saltonstall et ux., v. Riley & Dawson*, 28 Ala. 164; *Gilmer & Taylor v. City Council of Montgomery*, 26 Ala. 665.

Again, as to the plea in abatement:

1. Appellant had waived his right to the plea by filing cross-interrogatories to appellee's witnesses, and direct interrogatories to his own witnesses. These facts amount to a pleading to the merits of the cause.

2. The pendency of a prior action may be pleaded in abatement in the subsequent action. If such plea is interposed, the plaintiffs in the second suit may discontinue the first one, and thereupon the plea falls; and this was done in this case.—*O'Brien v. Lloyd*, 6 Abb. N. E., N. Y.; see Albany Law Journal, Jan. 1870, p. 21.

PECK, C. J.—1. The first error assigned raises the question as to the propriety of the decision of the court, in striking out the plea in abatement. As, after plea in bar to the action, the defendant can not plead in abatement, so we hold, that if, after the defendant has filed a

plea in abatement, and before it is disposed of, he pleads in bar to the action, and under such plea the parties proceed to take depositions and to prepare the case for trial on the merits, he should not be permitted afterwards to insist on his plea in abatement, but should be held to have waived the same. To hold otherwise, would be to suffer the well settled rules and order of pleading to be violated, to the injury and prejudice of the plaintiff, by delaying the trial of the cause on its merits, as well as inducing the plaintiff to incur unnecessary trouble and expense in preparing for a trial that might never take place. For these reasons, we hold, the court committed no error in striking the plea in abatement out of the record.

2. The demurrer to the second plea was properly sustained. This plea, with the amendment, must be considered together; and so considered, to be consistent with itself, it means, if it means any thing, that by excluding the heirs, who had been advanced ás stated in the plea, the lands of the deceased could be equitably divided amongst the heirs who had received no advancements. The plea, so considered, was no defense to the application to sell the lands of the deceased for distribution.

The heirs alleged to have been advanced were necessary parties defendants to the application of the administrator to sell the lands of the deceased for distribution.—Revised Code, § 2222.

On the death of deceased, his lands descended to all the heirs alike, as well to those who had, as to those who had not received advancements, and their title as heirs could only be divested in the probate court by a sale. Section 2228 of the Revised Code provides, that the probate court may make an order for the sale of the lands of a deceased party, for distribution, if it is proved they can not be equitably divided amongst the heirs. Therefore, the real issue in this case was, could the lands of the deceased be equitably divided amongst all the heirs? If they could not, the court committed no error in ordering them to be sold for distribution; consequently, any evidence offered by the contestant that did not tend to prove that the land could be equitably divided amongst all the heirs, was not pertinent to the issue,

and for that reason might be rejected as irrelevant. Evidence that some of the heirs had received advancements, in the life-time of the deceased, to the full amount of their distributive shares of the estate, did not tend to prove the issue to be tried by the court, and for that reason it was not an error to reject it.

The purpose of the contestant in resisting the application was, we suppose, not only to prevent a sale of the lands, on the ground that some of the heirs had received advancements to the full amount of their interest in the estate, and by excluding them the lands could be equitably divided amongst the heirs who had not received advancements, but also, in some way, to have their title in the said lands divested out of the heirs that had been so advanced. Neither of these things, as we have seen, could be done in the probate court.

Whether the contestant can accomplish his purpose in any proceeding in a court of equity, is not necessary, and, perhaps, is not proper, to be decided in this case. The probate courts have only limited, special powers conferred upon them by our statutes, and the powers given to them by section nine of article six of our present constitution. In a proceeding of this sort, they can only order the lands to be sold, or deny the application. This disposes of the second and third errors assigned.

3. Under the fourth error assigned, it is insisted the court erred in permitting the administrator to amend his petition as stated in the bill of exceptions. There was no error in this. It was a matter in the discretion of the court, and if the contestant was thereby embarrassed in his defense, or the condition of the case was so changed as to render new pleas necessary, or other evidence than that he had already taken, he should have asked the court to postpone the further hearing of the case, and to grant him time and leave to file other pleas, and to take further testimony.

4. The fifth assignment is, that the court erred in ordering a sale of the lands. If the evidence was sufficient to authorize a sale, then there was no error in making the order for that purpose. If the evidence was credible, we

think it was sufficient to prove the necessity of a sale. It was the peculiar province of the court to judge of the credibility of the evidence, as well as its sufficiency. Unless, therefore, the record shows the court was clearly mistaken in this, the decree should not be reversed.

As we have discovered no reversible error in the record, the judgment and decree of the probate court is affirmed, at the costs of the appellant.

B. F. SAFFOLD, J., *(dissenting.)*—I dissent from the judgment of the court for the following reasons; The administrator applied to the probate court for an order to sell the lands of his intestate, because the same could not be equitably divided amongst the heirs. One of the heirs contested his application, by what may be called a special plea that three of the heirs-at-law of the decedent had received such a proportion of property by way of advancement as would preclude them from any further interest in the estate, and by the exclusion of these from the number of the distributees, the land could be equitably divided. A demurrer was sustained to this plea, because it did not deny that the persons to be excluded were heirs-at-law, and therefore the evidence respecting advancements to them was irrelevant. The evidence adduced by the administrator in support of his petition, disclosed that the land could be equitably divided among the remaining distributees, if the three who had received advancements were excluded from the distribution; otherwise, it could not be, The court excluded its own decrees ascertaining the fact, and valuation, of the advancements made to the three. Upon this state of pleading and proof, the court ordered the sale of the lands.

On the question, whether land can be equitably divided or not, what more pertinent inquiry can arise, than how many are to receive a share? It is the very beginning and essence of the issue. It may be said that the ascertainment of the heirs-at-law of an intestate, is a discovery of the number of shares to be allotted. But how, if it be shown that some of them have already received their proportion?

If the children of a decedent severally received in his life-time more of his property than is left at his death for one unprovided for, shall the estate of that one, infant or adult, be sold on the application of the administrator, without or against his consent, because the others are heirs-at-law, though not entitled to distribution? Shall this be done merely because the court is incompetent to try the issue?

The partition and distribution of property is essentially an equitable jurisdiction; and the probate court, in the exercise of its limited powers over the subject, may well be governed by the rules and practice of the chancery court. That court, in entertaining a bill for the partition of lands, was accustomed to send questions of law to a law court for settlement, until the statute of 1858 (Revised Code, § 3466,) clothed it with authority to act independently. It never thought of ignoring a plea, for want of power to determine it, but rather of dismissing the bill for want of jurisdiction to try the cause.—*Ormond v. Martin*, 37 Ala. 598 : *Horton v. Sledge*, 29 Ala. 498.

In *Deloney v. Walker*, (9 Por. 497,) Judge Ormond said : "We can not suppose a case in which the lands of an adult can be sold by a decree of the chancellor to make partition, without his consent." In *McCain v. McCain*, (12 Ala. 510,) the question is asked, "whether an order for the sale of land for distribution obtained by the administrator is compulsory, or may he not for good cause refuse to sell," so lightly was the jurisdiction esteemed. In the same case it was held, that the probate court had no jurisdiction to order a sale of land which had been sold to the deceased in his life-time, but the purchase-money had since his death been paid by his administratrix, and the title taken in the name of the heirs, notwithstanding the petition alleged title in the decedent. By repeated decisions of this court, the jurisdiction of the probate court attaches on the reception of a proper petition. If the jurisdiction to inquire is divested by the result of that inquiry, in one case, as above, why may it not be so in another? If in this case the contestant pleads want of title or interest of some of the heirs

in the lands, why disregard his plea? If the court can not try the issue, why entertain the cause?

I insist that the inquiry which the court is required to make does not involve or jeopard the title of the heirs who have received advancements more than that of those who have not. It is the action invoked that must be proven to be necessary, not the non-action. If the proof fails for any reason, the sale can not be ordered. If the sale be denied, the parties are left as they were ; but if it be made, the title o.. all is divested, not because justice and equality require it, but because the limited jurisdiction of the court is sufficient for wrong, but inadequate to prevent it.

In what condition does the affirmance of this decree leave the contestant and other heirs who may be opposed to the sale? Can the chancery court intervene? The chief-justice hesitates to say. This court says the decree was rightfully made. If so, the chancery court can not prevent its execution. The judgment of a court of competent jurisdiction can not be assailed except for fraud.

In my opinion, the plea of the contestant was a good one ; the demurrer ought to have been overruled, the decrees ascertaining the advancements ought to have been admitted in evidence, and the order of sale ought to have been refused.