————o————

ISRAEL LANDIS, Respondent, *vs.* HOME MUTUAL FIRE & MARINE INSURANCE COMPANY, of St. Louis, Appellant.

1. *Home Mutual Fire Ins. Co.—Cancellation of policy—Resolution of board—Notice—Company bound notwithstanding, when.*—By the terms of the charter of the Home Mutual Fire and Marine Insurance Company, of St. Louis, before the cancellation of any policy could take effect, it was to be entered on the books of the company; and it retained the right to make assessments up to that time. *Held,* that without such step the company would be liable to a policy-holder in case of loss by fire, notwithstanding the fact that a resolution had been adopted by the board ordering the secretary to notify the policy-holder that the company would discontinue its risk, and the fact that the resolution was transmitted by that officer, togeth·  ···'' ·· ·'·ϐ··tion that the policy was thereby canceled, etc

2. *Corporations—Fire Insurance—Home Mutual—Limitation as to time of beginning suit.*—The charter of the Home Mutual Fire and Marine Insurance Company, of St. Louis, by virtue of a section adopted in 1845 and printed on its policies as a part thereof, provided that in case of loss by fire, the injured party should "present his claim to be adjusted and determined by the company, as to the amount to be paid him," etc. If not satisfied he was authorized to sue within a specified time and not afterward. *Held,* that the limitation as to time of suit had no application to a case where the company claimed a total exemption from all liability. In such case, the only limitation would be the bar of the general statute.

The decision in Keim v. Home Mut. F. & M. Ins. Co., (42 Mo. 38) turned upon an amendment adopted in 1857, and forming no part of the policy under consideration.

*Appeal from St. Louis Circuit Court.*

*D. T. Jewett,* for Appellant.

I. The resolution of the directors and the notice in this case are in exact compliance with the "conditions of insurance." The conditions say the directors may terminate the policy after notice given of intention to do so. The notice recites the resolution and says that from and after the receipt of that notice, the policy is canceled. No length of time is required after notice and before cancellation. (27 Upper Canada, 213, 217 and 453.)

II. The action was not brought within the time required by the 10th section of the charter. It has been settled in this State, as well as in many others, that such a limitation, as to the time of bringing actions, is binding on the assured. (Keim vs. Home M. F. & M. Ins. Co., 42 Mo., 38.) In this case, the company refused to pay any thing. The assured was "not satisfied with the determination of the directors," and should have sued within the time specified in the charter, after that determination was made known to him.

*James Taussig,* for Respondent.

I. Granting, for the sake of argument, the right of the company to cancel a policy, that right was not exercised in the manner pointed out in the clause invoked by the appellant.

(*a.*) The resolution of the board given in evidence, directed the secretary to give notice of the intention of the company to cancel the policy, instead of which, the secretary gave notice that the policy was canceled, on receipt by the insured of the notice.   The notice was not in pursuance of the resolution.

(*b.*) The company was bound to give to the insured reasonable notice of a time to be fixed in the future for the cancellation of the policy, so that the holder could protect himself by effecting insurance elsewhere.   No such opportunity was given.   And an attempt to terminate the policy at the instant of giving notice was properly disregarded.

(*c.*) The courts construe such conditions *strictissimi juris.*   (Van Valkenburg vs. Lexington Ins. Co. [N. Y. Court of App., Jan'y, 1873,] Insurance Law Journal, Vol. 2, No. 3 p. 205, March Number, 1873 ; Lyman vs. State Mut. F. Ins. Co., 14 Allen, 329 ; see also Emmott vs. Slater, &c. Ins. Co. 7 R. I. 562.)

II.  Defendant failed to prove that plaintiff's action was not brought in time.

(*a.*)   The 10th section of the charter clearly applies only to cases in which the company admits its liability, but fails to agree with the insured as to the amount of the loss.   No "determination" of the amount of loss can be had in a case where the company denies the existence of the contract of insurance.   (See Boynton vs. Middlesex M. Fire Ins. Co., 4 Metc. [Mass.,] 212, Williams vs. N. Eng. M. F. Ins. Co., Williams vs. Columbia M. F. Ins. Co., Robinson vs. Same, 29 Maine, 465.)

(*b.*) That the company itself gave the construction above stated, and illustrated by the case of Boynton vs. Middlesex Ins. Co., (4 Metc. 212,) is very clearly shown by the act of the company in having the charter of 1845—the original charter of the company—amended by the act of 1857.   (Sess. Acts 1845, p. 197, § 10, and Sess. Acts of 1857, p. 555, § 11.)

(*c.*)   The case of Keim vs. Home M. Ins. Co., (42 Mo. 38,) is clearly not in point, for it turned upon the construction of § 11 of the Act of 1857, which differs materially from the 10th section of the charter of 1845.

*Polk & Causey,* for Respondent.

I. Under section 10 of the Act of 1845, the party insured is required to bring suit at the next term of the court, only when the amount of the loss or damage has been ascertained and determined by the directors of the company, and the insured is not satisfied with that determination. That section has no reference to the case of a refusal to pay any thing at all.

In the case of Keim, et al., vs. The Home M. Ins. Co., 42 Mo., 38, relied on as an authority, the act incorporated into the policy, is that of the 2d March, 1857. (See Acts of 1856–7, p. 558.)

Adams, Judge, delivered the opinion of the court.

This was an action on a policy of insurance, issued by the defendant to plaintiff on the third day of April, 1857, insuring him in the sum of fifteen hundred dollars on a building in the city of St. Joseph, in this State, for the term of six years. By the terms of the policy the plaintiff became a member of the company during the continuance of his policy. The policy was in the usual form issued by companies on the mutual plan; and the charter of the company enacted by the Legislature of Missouri in 1845, with amendments thereto, up to and including the amendment of the 13th of February, 1849, was printed on and formed a part of the policy; and also the by-laws and conditions of insurance were printed on the policy as a part of it.

The plaintiff's property was wholly consumed by fire on the 18th day of October, 1861, and the loss was greater than the amount insured. The plaintiff proposed to comply with the stipulations of the policy in regard to notice and proof of loss, but the company waived the notice and proofs, and declined to pay anything, upon the alleged ground that the policy had been canceled.

The only points raised and discussed here and relied on for reversal are, that the policy had been duly canceled by the company before the loss occurred, and that this suit was not commenced within the time prescribed by section ten of the charter which had been made a part of the policy.

1. In regard to the first point. By one of the conditions of insurance, which formed a part of the policy, the company reserved the right, by complying with said condition, to cancel the policy. The question here is, whether this condition was complied with, and whether this policy was duly canceled by the action which was had by the company in the premises.

The condition referred to reads in these words : "If, during the insurance, the risk is increased by the erection of buildings or by the use and occupation of neighboring premises, or otherwise, or if, for any other cause, the directors shall elect, it shall be optional with them to terminate this policy after notice given to the assured or representatives of their intention to do so. But in every case of termination of insurance the assured shall be bound to pay his or her proportion of assessments up to the day of actual cancellation of the policy on the books of said company."

On the 21st day of September, 1861, at a special meeting of the Board of Directors of this company, held at their office in St. Louis, Missouri, the following preamble and resolutions were unanimously adopted :

"Whereas, the rate of insurance fixed upon policies by this company was determined by the usual hazard occasioned by accidental fires, and not intended to cover losses occurring by incendiaries in time of civil commotion like the present ; therefore be it resolved, that the secretary of the company is hereby instructed to notify all members holding policies outside of the county of St. Louis, that, owing to the great number of fires by means of incendiaries, this company, for the time being, and until after the settlement of the present difficulties of the country will discontinue risks under all policies issued on property outside of the county of St. Louis, in Missouri."

Under this preamble and resolution, the secretary, some time before the loss occurred, served on the plaintiff the following notice :

OFFICE HOME MUTUAL F. & M. INS. CO.,  
ST. LOUIS, Sept. 21st, 1861.

"To MR. ISRAEL LANDIS:

At a meeting of the Board of Directors of the Home Mutual Fire and Marine Insurance Company held this day, the following preamble and resolution were adopted (then follow the preamble and resolution above copied). In accordance with the foregoing resolution, you are hereby notified that from and after the receipt of this notice or publication of the same, your policy No. 11,068, is hereby canceled, and the company will not be liable for any loss which may occur thereafter. By referring to the conditions of insurance forming part of your policy, you will see that the company has reserved the right to cancel the same for any cause satisfactory to the Board of Directors. On return of your policy your premium note will be surrendered.

By order of the Board of Directors.

T. L. SALISBURY, Secretary."

This was all the proof given or offered of any cancellation of the plaintiff's policy. There is no pretense that the resolution of the board of directors requiring the secretary to give notice to the policy holders of their intention to discontinue risks, was of itself a cancellation of plaintiff's policy.

This resolution was the first step taken in that direction under the conditions in the policy. The secretary had no power to cancel the policy by notice or otherwise. He was not directed by the resolution to give notice of a cancellation, for none had been made, but he was simply required to give notice of what had transpired before the board of directors. The board of directors could only cancel the policy by a strict compliance with the condition authorizing such cancellation. The condition required a previous notice to the plaintiff, and also, before any cancellation could have any effect, it was, by the terms of the condition, to be entered on the books of the company. Until such cancellation was so made upon the books of the company, neither party was bound. The language of that part of the condition is: "But in every case of

termination of insurance, the assured shall be bound to pay his or her proportion of the assessments up to the day of actual cancellation of the policy on the books of the company.' The evident meaning of this language is, that the proceedings commenced for cancellation are to remain *in fieri* and not to have full efficacy up to the day of actual cancellation on the books of the company. As the company retains its right to make assessments up to that day, the policy holder cannot be divested of the protection afforded his property by means of the policy, under which alone it can be assessed. There was no such compliance with the terms of this condition as to amount to a cancellation either express or implied. (See Van Vallsenburg vs. Lexington Ins. Co., [N. Y. Court of Appeals, Jan'y 1873], Ins. Law Journ., March No. 1873, p. 205 ; Lyman vs. State Mut. Fire Ins. Co., 14 Allen, 329 ; Emmott vs. Slater etc., Ins. Co., 7 R. I., 562.)

In Cain vs. Lancaster Ins. Co. (27 Upper Canada Q. B. Rep., 217) so strongly relied on by appellant's counsel, the question arose on a demurrer to the plaintiff's plea, averring a cancellation of plaintiff's policy. The averment in the plea was, that the defendants gave notice to the plaintiff of their intention to cancel his policy, and did "thereby" terminate the insurance. The court said : "Now the only ground of objection would seem to be the introduction of the word "thereby." Without it, the averment would be that they did terminate the risk. No particular way is provided in which the termination is to be effected or declared. All that is required is, to say they elected to terminate, gave notice, and did so terminate the contract." The court held the plea was a sufficient averment of a termination of the risk, and added in conclusion, "that the plaintiff could have readily replied to this any matter of fact by which he could escape the effect of the condition."

Whether the Queen's Bench decided rightly or wrongly, it is very manifest that this case is not parallell with that. In that there was no particular mode pointed out how the termina-

tion of the risk was to be effected, but here the condition expressly requires the cancellation to be made after notice, on the books of the company, before it has any final efficacy. If there had been a replication, setting up the fact that the termination of the risk could only be made on the books of the company, that would have raised the question which is presented to this court for determination. I do not consider that case in point, and if it were, it ought not to control the action of this court, as there is no pretense that the condition in this policy authorizing a termination of the risk was complied with.

The next and only remaining point for our consideration is, that this action was barred by the limitation created by section ten of the charter of 1845, which was printed on the policy as a part thereof. That section substantially provides, "that in cases of loss, the injured party shall permit his claim to be adjusted and determined by the company as to the amount to be paid to him. If he is not satisfied with the adjustment, the question may be submitted to referees, or he may bring an action against the company for the loss or damage at the next court, to be holden in and for the county of St. Louis and State of Missouri, and not afterwards, unless said court shall be holden within sixty days after the determination; but if holden within that time, then at the next court holden in that county thereafter." (See Local Laws Sess. Acts 1845, p. 201.)

It is very obvious that the limitation referred to in this section, applies alone to cases where the company determines the amount to be paid, and the party is not satisfied with their adjustment. It has no application at all where the company claims a total exemption. In such case the assured may resort to his remedy under the general law and is only barred by the general Statute of Limitations. (Boynton vs. Middlesex Mutual Fire Ins. Co., 4 Metc. [Mass.], 212; Williams vs. N. Eng. Mut. F. Ins. Co., 29 Maine, 465.)

The case of Keim vs. Home Mutual, &c., Ins. Co. (42 Mo. 38) turned upon the construction of a new section introduced

into the amended charter in 1857, which required suits in all cases to be brought within a certain limited time. Upon an examination of that case it will be found, that it has no application here, as the section renewed did not enter into or form a part of this policy.

Judgment affirmed. Judge Wagner absent. The other judges concur.

MARCH TERM, 1874 AT ST. LOUIS IS CONTINUED IN VOL. LVII.