146 So. 817

## RHODE ISLAND INS. CO. OF PROVIDENCE, R. I., v. HOLLEY.

### 6 Div. 88.

Supreme Court of Alabama.
March 16, 1933.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellee.

**KNIGHT, Justice.**

Suit by Charles E. Holley, appellee, against Rhode Island Insurance Company upon a policy of fire insurance, whereby the appellant insured the appellee's household and kitchen furniture against loss or damage by fire. The suit was filed on August 5, 1931, and, on August the 29th thereafter, the defendant "appearing specially" for the purpose of filing pleas in abatement, and "for that purpose only," filed its plea in abatement of the suit. Thereafter the defendant, still limiting its appearance, filed an additional plea in abatement.

The plaintiff filed demurrers to each of the defendant's pleas in abatement, but these demurrers were overruled by the court. Thereupon the plaintiff filed four separate replications to the pleas in abatement. The court sustained the defendant's demurrer to the plaintiff's second and third replications, but overruled it as to replication 4. In the first replication, the plaintiff simply joined issue on defendant's pleas in abatement, while, in the fourth, the plaintiff replied that the defendant had waived the "defense attempted to be set up in said plea in this: That one A. B. Frese, an agent or servant of the defendant, who was then and there acting within the line and scope of his employment and with full authority being thereunto duly authorized by the defendant on or about to-wit, June 23 or 24, 1931, in the city of Birmingham, Jefferson County, Alabama, over the telephone, and with full knowledge of all the facts set up in said pleas, informed the plaintiff that the defendant was denying liability on said policy upon the sole ground that the plaintiff set his home on fire to collect the insurance and that said Frese had a letter

from the defendant to this effect, and to so notify the plaintiff.".

It is insisted by appellant that the court erred in overruling its demurrer to plaintiff's fourth replication, and this ruling of the court is made the basis of appellant's first assignment of error.

■ It is first argued that the replication does not aver any fact showing that the "appellant ought to have been estopped by said denial of liability, and it is nowhere averred that the appellee was in any wise misled to his injury." 'The bringing of this suit no doubt resulted from the appellant's denial of liability.

In support of appellant's contention, we are referred to the case of Cassimus v. Scottish Union & National Ins. Co., 135 Ala. 256, 33 So. 163, 167.

In the Cassimus Case, it is true, we find an expression which would seem to lend support to appellant's contention. It is there said that "the fact that the defendant, upon receipt of notice and proof of loss, denied any liability under the policy, stating at the time wherein its conditions had been violated in only one particular, did not prevent it from afterwards setting up in defense other and different breaches of the conditions of the policy, when it is not shown that the plaintiff was misled to his injury by the claim of nonliability on the particular ground stated. This is what was attempted by replication numbered 1, and on this ground, if for no other, the demurrer was properly sustained."

However, the Cassimus Case, supra, on the point under consideration, has been departed from in our more recent decisions. In the case of Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909, 911, Justice Sayre, in writing for the court, had occasion to refer to the Cassimus Case, and in doing so made it fully understood that the court did not approve what was said in that case, and that the principle there announced could not be followed. The learned justice then said: "And it must be conceded that there are decisions in other jurisdictions to the effect that the notice stipulated for is an absolute condition of liability that, no matter what is said or done between the parties, the insurer may defeat a recovery on the ground that notice has not been given as stipulated. But we do not concur in this statement of the rule of nonliability. The lack of the stipulated notice, if timely insisted upon, is a good defense because that is the meaning of the contract by which the parties are bound. But the lack of formal notice, of or notice within the time prescribed may be waived, and if, after a denial of liability on other grounds, the insured—or, in case of his death, his personal representative or the beneficiary named in the policy—proceeds to establish his claim by suit, it may be safely assumed that he thereby incurs trouble and expense

322

to maintain his right on litigable grounds, the question of notice apart, because when called upon to concede or deny liability the insurer based its denial of liability on grounds other than the lack of notice; and so this court, in common with some others, has taken the broad ground that, when one specific ground of forfeiture is urged against the claim of insurance money, all other grounds are waived. National Ins. Co. v. Singleton, 193 Ala. 84, 69 So. 80; Security Ins. Co. v. Laird, 182 Ala. 121, 62 So. 182; Georgia Home Ins. Co. v. Allen, 128 Ala. 451, 30 So. 537; 32 C. J. 1354, note 2; Cooley's Briefs, supra [3531]."

We therefore hold that there is nothing of merit in appellant's above-stated insistence.

■ It is next urged that the replication was subject to demurrer for the reason that the alleged waiver was made after the time had elapsed for filing proof of loss. In support of this contention, appellant refers us to 26 Corpus Juris, p. 408, note 74. However, the exception to the general rule that a waiver may occur after the time for filing proof of loss is stated on page 408 of that volume, while the general rule is stated on pages 406 and 407. The rule is stated by the author as follows: "Sec. 522. k. Denial of Liability or Refusal to Pay: (1) In general. If insurer, within the time for presenting proofs of loss, denies liability or refuses to pay the loss, it thereby waives the necessity for proofs; and it is generally held that a denial of liability or a refusal to pay not predicated on the failure to furnish proofs is a waiver of any objection on that ground, *irrespective of whether the denial precedes or follows* the time within which proofs should have been furnished, although [page 408] there is authority to the effect that if such a denial or refusal is first made after expiration of the time for furnishing proofs, it does not waive the delay in furnishing them." (Italics supplied.)

Our court has placed itself in line with those cases which support the general rule, that the waiver may be invoked after the period for furnishing proof of loss has elapsed. Taber et al. v. Royal Ins. Co. et al., 124 Ala. 691, 26 So. 252. Indeed, in some jurisdictions, it is held that a denial of liability, although first made in insurer's plea or answer, constitutes a waiver of notice and proofs and defects therein. 26 Corpus Juris, p. 410, § 522.

However, the necessities of this case do not require that we shall go so far in our holding on the subject, and we do not, therefore, commit ourselves to that proposition. We hold, however, that the replication was not subject to the specific grounds of demurrer that the waiver could not be invoked because made after the lapse of sixty days.

■ It is next urged that the replication was defective because it does not show an unqualified denial of liability. A reading of the replication will show that there is no merit whatever in this contention by appellant.

■ It is finally urged against the sufficiency of the replication, that "a waiver requiring the filing of proof of loss does not waive the time that *any sum becomes due under the policy.*"

In Joyce on Insurance, vol. 5, it is stated: "If the insurer denies liability under the policy and refuses to pay the amount of loss claimed, the provision that no suit can be brought upon the policy until a certain time after loss or *after proofs are furnished* is thereby waived, and the right of action upon the policy accrues immediately upon such refusal." (Italics supplied.) This text is directly supported by the following authorities in other jurisdictions: Jennings v. Brotherhood Accident Co., 44 Colo. 68, 96 P. 982, 18 L. R. A. (N. S.) 109, 130 Am. St. Rep. 109; Norwich & N. Y. Transp. Co. v. Western Mass. Ins. Co., 34 Conn. 561, Fed. Cas. No. 10,363; Hoffecker v. New Castle County Mutual Ins. Co., 5 Houst. (Del.) 101; Williamsburg City Fire Ins. Co. v. Cary, 83 Ill. 453; Cobb v. Insurance Co. of North America, 11 Kan. 93; Allegre v. Maryland Ins. Co., 6 Har. & J. (Md.) 408, 14 Am. Dec. 289; Phœnix Ins. Co. v. Taylor, 5 Minn. 492 (Gil. 393); Landis v. Home Mutual Fire & M. Ins. Co., 56 Mo. 591; State Ins. Co. v. Maackens, 38 N. J. Law, 564; Clark Millinery Co. v. National Union Fire Ins., 160 N. C. 130, 75 S. E. 944, Ann. Cas. 1914C, 367; United Fireman's Ins. Co. v. Kukral, 7 Ohio Cir. Ct. R. 356; French v. Fidelity & Casualty Co., 135 Wis. 259, 115 N. W. 869, 17 L. R. A. (N. S.) 1011; Phœnix Ins. Co. v. Flowers (Ky.) 124 S. W. 403; Popa v. Northern Ins. Co. of New York, 192 Mich. 237, 158 N. W. 945.

And our own court has given its approval to the above-stated principle of law. Commercial Fire Ins. Co. v. Allen et al., 80 Ala. 571, 1 So. 202.

We therefore hold that plaintiff's replication No. 4 was not subject to any grounds of demurrer here argued.

■ After its demurrer had been overruled to said replication, the defendant filed a general rejoinder thereto. At this juncture, the defendant moved the court to proceed to the trial of the issues presented by defendant's pleas in abatement and the plaintiff's replications thereto and the defendant's rejoinder to plaintiff's replications. The court overruled defendant's said motion, and to which ruling the defendant duly and legally excepted. The defendant then objected to filing any pleadings in bar of the suit until the issues in abatement were disposed of, which objection the court overruled, and defendant duly excepted. Thereupon the court, over the time-

ly objection and exception of the defendant, required the defendant to file its pleas in bar, and required the issues presented by the pleas in abatement and in bar to be tried and determined at the same time. In this ruling of the court there was manifest error, and which must necessitate a reversal of the cause.

██ From the earliest period in our judicial history, pleas in abatement were required to be filed and disposed of in advance of pleas in bar; and a defendant, who had filed a plea in abatement, and thereafter, and before this plea had been disposed of, filed pleas in bar, was held to have waived his former dilatory plea. Wilson v. Oliver. 1 Stew. 46; Robertson v. Lea, 1 Stew. 141; Cleveland v. Chandler, 3 Stew. 489; Coatler, use, etc., v. Bell, 2 Stew. & P. 358; Jones v. Yarborough, 2 Ala. 524; Brown's Heirs v. Powell, 45 Ala. 149; Mann L. Co. v. Bailey Iron Works, 156 Ala. 598, 47 So. 325; Haley v. State, 63 Ala. 89. This has been the uniform ruling in this state for more than a hundred years. Likewise we have uniformly held that, if a plea in abatement was filed along with pleas in bar, the plaintiff may either move to strike the plea in abatement or treat it as a nullity. Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 134 So. 881; National Fire Ins. Co. v. Kinney, 224 Ala. 586, 141 So. 350; Hart v. Turk, 15 Ala. 675; Brown's Heirs v. Powell, 45 Ala. 149; Strouse v. Leipf, 101 Ala. 433, 14 So. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122; Ex parte Dunlap, 209 Ala. 453, 96 So. 441; 1 Corpus Juris, 268.

We know of no rule of procedure obtaining in this jurisdiction, nor of any authoritative expression of this court, nor of any statutory enactment, whereby a trial court can, of its own determination, *and against the objection of a litigant*, require pleas in bar to be filed before it is judicially determined that a defendant's timely filed plea in abatement is disposed of.

Counsel for appellee has cited, in support of such right of the court, the case of Milbra v. Sloss-Sheffield Steel & Iron Co., 182 Ala. 622, 62 So. 176, 178, 46 L. R. A. (N. S.) 274, but there is no comfort for appellee in that case. True, in the Milbra Case, issues under pleas in abatement and in bar were submitted together to a jury, but it is expressly pointed out that *"no objection* to this feature of the procedure was taken, *no suggestion* made that the plea in abatement had been waived by the filing of the pleas in bar, no effort made to have the verdict discriminate between the issues submitted, and the court below tried the issues of law and fact as the parties presented them. We must now proceed in the same way."

In 49 Corpus Juris, p. 242, § 294, the general rule is stated, that the issues raised by a plea in abatement or to the jurisdiction should be heard and determined separately from the issues on the merits, *and before such issues*, even though pleas to the merits and pleas in abatement are permitted to be filed at the same time. This statement of the general rule seems to be supported by a vast array of authorities, though in some few states a different view obtains, holding that it is a matter largely within the discretion of the trial court. The states wherein such holdings obtain appear to be greatly in the minority.

In Ruling Case Law, vol. 21, p. 540, § 102, the rule with respect to filing and passing upon pleas in abatement is thus stated by the author, with citation of authority to support the text: "It is a general rule that an answer in abatement must precede an answer in bar; that pleas in abatement and in bar cannot be pleaded together; and that the issue on a plea in abatement must be tried *first and separated.* Under these general principles, by pleading over in bar, a party waives all pleas in abatement. And if an objection affording a basis for the plea is not taken by demurrer or answer, it is waived."

The plain and unmistakable inference to be drawn from our Code, § 9517, is that the issue presented by a plea in abatement must be heard and determined before, and separated from, issues presented by pleas in bar.

This view of the law of the case is borne out by what was said by the late Justice Somerville in the recent case of Ex parte Tucker, 208 Ala. 428, 94 So. 276, 277. It is there said:

"And when he [referring to the defendant] is duly within the jurisdiction of the court, by whatever means or process that result is accomplished, if he then pleads to the merits of the cause, without first interposing any available plea in abatement, he waives the matter in abatement. Cooper v. Lake Wood Co., 199 Ala. 633, 75 So. 307.

"But where the matter in abatement has been seasonably and properly interposed by plea, and the *plea has been held bad in law or in fact, the defendant may then plead over to the merits of the case,* without waiving his right to assign for error on appeal the adverse ruling or judgment on his plea in abatement. Code, § 5370 [now section 9517, Code 1923]; Steele v. Booker, 205 Ala. 210, 87 So. 203." (Italics supplied.)

█ We are thus at the conclusion that the court below committed error in forcing defendant, over its apt and timely objection and exception, to file its pleas in bar before the issues presented by its pleas in abatement had been heard and determined, and in requiring that the issues presented by the pleas in abatement and in bar be tried at the same time. For this error the judgment of the circuit court must be reversed. Having reached this conclusion, it would be illogical for

us, in advance of a due and proper submission on the merits of the case, to consider other questions which arose upon the trial of the case on its merits. Doubtless many of those questions will not arise on another trial, and it may be the case will not reach that point.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.