Cantley & Co. *vs.* Moody.

CANTLEY & CO. *vs.* MOODY.

1. Where the sheriff returns a writ, issued against three defendants, "executed," the court will intend that it was executed on all the defendants.

2. An objection that the initial of the first name of a defendant is merely set out, and not his name at length, can only be made available by plea in abatement, disclosing his true name.

Error to the Circuit court of Tuskaloosa county.

Assumpsit on a bill of exchange, tried before Chapman, J. In this case, the writ was sued out against three defendants, as late co-partners, and returned by the sheriff, "executed." In the writ and declaration, the name of one of the defendants was set out as "S. H. Page." The recital of judgment was, that on the trial, the parties came, by their attorneys, and defendants saying nothing, judgment was rendered for plaintiff. To reverse this judgment, the writ of error was taken.

Plaintiffs in error assigned for error —

1. That the writ and declaration shew that defendants were not, at the institution of the suit, a partnership: and the judgment was against them by *nil dicit*, as such partners—when it does not appear that the process was executed against them all.

2. There was no such declaration against Page, sued as a defendant, as would authorise a judgment against him.

*Porter*, for plaintiffs in error.
*Moody*, contra.

Cantley & Co. *vs.* Moody.

*Porter,* for plaintiffs. There was no declaration against Page, one of the defendants.—(1 Chitty, 2 Ed. and note.) Nor was there a presentment to the drawee for acceptance.—(Act of 1807, sec. 4—*proviso;* Aik. Dig. 328, sec. 3.)

COLLIER, C. J.—The errors assigned in this case, we think are not available. Upon *looking* into the record, we find the writ is returned, "executed," by the sheriff, and must intend that it was executed on all the defendants below, as all were entitled to service before the Circuit court could legally have rendered its judgment.

In regard to the objection, that the first name of *Page,* one of the plaintiffs in error, should have been set out at length, and not merely the *initial,* we think it not well taken. The objection, *at most,* could only be made available by plea in abatement, disclosing his true name.

The judgment is affirmed.