# Wright v. Jones.

*Contest of a Claim of Homestead Exemption.*

1. *Judgment in a contest of a claim of homestead; can be appealed from.*—Where upon the levy of an execution upon a house and lot, the defendant interposes a claim thereto as his homestead and therefore exempt from levy and sale under execution, and this claim is contested, the judgment rendered in such contest is a final judgment from which an appeal will lie.

2. *What transcript on appeal should show.*—The transcript on appeal from a judgment in a contest of a claim of homestead exemption should contain only the record of the proceedings in the course of the contest; and a motion to vacate the levy of the execution, which gave rise to the contest, and the judgment thereon, forming no part of the record of the contest proceedings, should not be incorporated in the transcript, and will be disregarded on appeal.

3. *Action against parties as joint tort-feasors, and not as a partnership.* Where parties are sued as "C. & W., defendants," the suit is against them as joint tort-feasors, and not as partners sued by their common name; since a suit can not be deemed to be brought against the partnership by its common name, unless the complaint avers the partnership and the common name, or facts which are equivalent thereto.

4. *Same; same; waiver of objection.*—Where two persons are sued by their surnames only, omitting their christian names, and the complaint contains no allegations of partnership, and the defendants appear and answer without pleading in abatement, they will be deemed to have waived the omission of their christian names, and the suit can be maintained against them as joint tort-feasors.

5. *Homestead exemption not claimable against judgment in an action of trover.*—A homestead, as secured by the constitutional and statutory provisions from liability from "debts contracted," &c., (Code, § 2820), is not exempt from levy and sale under an execution issued on a judgment recovered in an action of trover.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN R. TYSON.

On February 23, 1891, the appellee, Elizabeth Jones, brought an action of trover against "Curtis & Wright, defendants." Judgment was rendered in this action for the plaintiff, and execution was regularly issued thereon,

and placed in the hands of the sheriff. Upon the levy of this execution, upon, "one house and lot in the town of Luverne, Alabama, as the property of T. R. Wright," the said Wright filed with the sheriff his claim of exemption to the house and lot levied upon, as his homestead. The plaintiff contested this claim to exemption, on the ground that it was invalid. Upon the trial of the issue thus formed, it was shown that the lot levied upon was the individual property of Thomas R. Wright, and that Curtis & Wright had no interest whatever in the lot. The defendant Wright introduced in evidence the summons and complaint in the case of "Jones v. Curtis & Wright, defendants," and the judgment rendered therein ; and proved by evidence that at the time of the levy of the execution, and for several years prior thereto, Thomas R. Wright was occupying the house and lot in controversy as his homestead ; that it was situated in the town of Luverne, and was worth less than two thousand dollars.

At the request of the plaintiff, the court gave the general affirmative charge in her behalf, and to the giving of this charge the said Wright duly excepted.

The record and bill of exceptions contains a motion made by the defendant, Wright, to set aside and vacate the levy of the execution upon the house and lot in controversy. It is not deemed necessary to set out the grounds of this motion, although it was overruled, since said motion and the ruling thereon constitute no part of the record of the proceedings in the contest of exemption.

There was judgment for the plaintiff in the contest, and the said Wright prosecutes this appeal, and assigns as error the giving of the general affirmative charge for the plaintiff, and the judgment rendered.

GAMBLE & BRICKEN, and D. M. POWELL, for appellant, cited *Bolling v. Speller*, 96 Ala. 269 ; *McLaren v. Anderson*, 81 Ala. 106 ; *Edgar v. McArn*, 22 Ala. 796.

J. D. GARDNER, *contra*.

BRICKELL, C. J.—The appeal is taken from the judgment rendered against the appellant on the contest of the claim that his homestead was not subject to levy and sale under the execution in favor of the appellee.

[Wright v. Jones.]

The contest was in form, and in its essential nature, an adversary suit, and judgment therein rendered, was a final judgment from which an appeal will lie. The transcript which may properly be certified on the appeal to this court is of the record of the proceedings in the course of the contest. The record of other direct or collateral proceedings had between the same parties, though they may concern the same subject matter, form no part of the record which ought to be certified and, if incorporated in it, must be disregarded. The motion to vacate the levy, and the judgment thereon rendered, form no part of the record of the contest, ought not to have been incorporated in it, and must, with the errors thereon assigned, be disregarded.

A suit may be prosecuted against a partnership by its common name. The judgment rendered binds only the joint or partnership property, and execution issuing thereon, cannot be levied on the separate or individual property of either of the partners. The error underlying the argument of the counsel for the appellant, is the supposition that the suit in which the appellee recovered judgment against the appellant and his co-defendant, was a suit against them as partners by their common name. Such was not the character of the suit. It was a suit against them as joint tort-feasors, by their surnames only, omitting their christian names. The omission was pleadable in abatement, and the plea must have disclosed their true and proper christian names.—*Cantley v. Moody*, 7 Port. 443.

The omission was cured by the appearance of the defendants, pleading in bar. A suit can not be deemed a suit against a partnership by its common name, unless the complaint avers the partnership and the common name, or facts which are equivalent. The averments of the complaint, on which the judgment was rendered, are consistent only with the joint commission by the defendants of the tort complained of—the conversion of the property of the plaintiff; not having any relation or connection with each other, than that which sprung from the commision of the tort.

The action of trover, the form of action in which the judgment was rendered, is an action *ex delicto*, for the recovery of damages; and at common law, the general issue was the plea of not guilty; and to it the maxim

[Alabama Midland Railway Co. v. Rushing.]

"*actio personalis moritur cum persona*" applied ; the death of either party abated the action and it was incapable of revivor by or against personal representatives. Statutes have changed this rule of the common law, and the action may now be revived, or may be maintained by or against personal representatives; it shall not die with the person. But it remains an action *ex delicto*, an action founded in tort, not founded upon or springing out of contract. It is settled by the former decisions of this court, corresponding to the general course of decisions in other States, that an exemption of homestead or of personal property cannot be claimed, when the judgment and execution are for tort.—*Vincent v. State*, 74 Ala. 274 ; *Meredith v. Holmes*, 68 Ala. 190.

There is no error in the record, and the judgment of the circuit court must be affirmed.