(87 South. 200)

**HAAS–PHILLIPS PRODUCE CO. v. LEE & EDWARDS.** (3 Div. 470.)

(Supreme Court of Alabama. Nov. 11, 1920. Rehearing Denied Dec. 18, 1920.)

1. **Constitutional law ⬳315—Judgment ⬳ 818(1)—Judgment of sister state may be collaterally attacked when void for want of jurisdiction.**

Any judgment rendered by the court of a sister state may be collaterally attacked and avoided for want of jurisdiction of subject-matter or person when it is sought to be enforced in a court of any other state, in view of the due process clause of the Fourteenth Amendment to the federal Constitution.

2. **Judgment ⬳16—Personal judgment must be grounded upon jurisdiction of person.**

A personal judgment, whether against an individual or a corporation, must be grounded upon jurisdiction of the defendant's person lawfully acquired.

3. **Corporations ⬳668(7)—Service on president of corporation of foreign state sojourning in state gave no jurisdiction.**

Service of process on the president of a foreign corporation while temporarily sojourning in the state did not avail as a personal service on the corporation, and therefore could not support a personal judgment against it, the corporation doing no business in the state, and the president not being there to do any business for it.

4. **Judgment ⬳818(2)—Foreign corporation not properly served cannot collaterally attack judgment where answering to the merits.**

Where service of process was had on the president of a foreign corporation while sojourning in the state, where the corporation was transacting no business, a judgment rendered against the corporation on such service would have been subject to collateral attack in the courts of another state if the corporation confined its appearance to an effort to dismiss the proceeding for want of jurisdiction, but, having yielded to the judgment of the court on the question of jurisdiction of its person by appearing and answering to the merits of the complaint, it must be held to have conclusively waived the original failure in the service of process and to have become provisionally bound by the judgment therein rendered—that is, until a reversal by direct appeal—and the judgment cannot be collaterally attacked.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Lee & Edwards against the Haas-Phillips Produce Company, a domestic corporation, on a judgment recovered in 1916 in a circuit court of general jurisdiction in the state of Florida. Judgment for the plaintiffs, and the defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

The defense set up is that the Florida court did not have jurisdiction of defendant corporation at the time of the rendition of the judgment, and that therefore the judgment is void even on collateral attack. The cause was tried without a jury by the court upon the following agreed statement of fact:

"On April 4, 1916, the defendant, Haas-Phillips Produce Company, was a corporation organized under the laws of the state of Alabama, and doing business within the state of Alabama; that on or about said date the plaintiffs in this case filed a suit against the above-named defendant in the circuit court of Hills-

─────────

borough county, in the state of Florida, at Tampa, Fla., which said court was a court of general jurisdiction; that notice of said suit and copy of the summons and complaint in said suit was served on P. Phillips, as president of the said defendant corporation, that being the only notice or service had; that at the time said suit was instituted and at the time said service was had the said P. Phillips was the president of the said defendant corporation, but was not engaged in the transaction of any business for the defendant, nor had the said Phillips, either prior to said time or subsequently, transacted any business within the state of Florida for the said defendant corporation, nor did he have any duties to perform for the defendant in the state of Florida; that the said defendant corporation, at the time said suit was instituted and at the time said service was had, was not engaged in or transacting any business within the state of Florida, and had not qualified to do business in the state of Florida under any law of that state; that the said Haas-Phillips Produce Company, entered a special appearance in said suit solely for the purpose of objecting to the jurisdiction of said court for want of proper service, and filed a special plea for the purpose, and solely for the purpose, of objecting to the jurisdiction of said court on the ground that proper service had not been had; that such appearance and plea were in due time and form under the law and practice of that state in such cases; that said plea alleged the status of the defendant corporation and of the said Phillips as hereinbefore recited; that the said circuit court of Hillsborough county, on motion of the plaintiffs, held the special plea to the jurisdiction bad, as a matter of law, the facts alleged in said plea not being denied, and further held that said service had in the manner and under the facts aforesaid was sufficient, and that the said circuit court of Hillsborough county had thereby acquired jurisdiction of the defendant corporation; that thereupon the said defendant then appeared generally and pleaded to the merits in said cause; that, upon a hearing of the evidence on the merits in said cause, the jury returned a verdict for the plaintiffs, and assessed the damages at $350; that said verdict was returned on the 4th day of April, 1916; that thereupon, on the 4th day of April, 1916, and upon said verdict, the said circuit court of Hillsborough county rendered the following judgment: 'Thereupon it is ordered and adjudged that the plaintiffs, Lee & Edwards, do have and recover of and from the defendant, Haas-Phillips Produce Company, a corporation, the sum of $350 as damages, and the further sum of $49.44, their costs in this behalf expended, for which let execution issue. April 4, 1916'—that the Haas-Phillips Produce Company has never made any motion to vacate or annul said judgment, and has never taken any appeal from said judgment; that the time within which such motion could be made or such appeal taken has now expired; that the said sum of $350, ascertained by the said judgment to be the damages in the cause, and the said sum of $49.44, costs, has never been paid; that, if the plaintiff is entitled to recover in this case, they are entitled to recover the sum of $399.44, with interest at 8 per cent. per annum from the 4th day of April, 1916."

Steiner, Crum & Weil, of Montgomery, for appellant.

The judgment rendered by the Florida court under the circumstances, as appears from the agreed statement of facts, was void and of no effect, and can be attacked collaterally. 237 U. S. 189, 35 Sup. Ct. 579, 59 L. Ed. 910; 225 U. S. 111, 32 Sup. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875; 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; 95 U. S. 714, 24 L. Ed. 565; 243 U. S. 90, 37 Sup. Ct. 343, 61 L. Ed. 608, L. R. A. 1917F, 458. This court has always followed these cases. 173 Ala. 568; 109 Ala. 27, 19 South. 403; 151 Ala. 242, 44 South. 184. That it may be impeached collaterally, see 143 Ala. 129, 42 South. 24, 111 Am. St. Rep. 31; 59 Ala. 320. On these and other authorities the appellant's special appearance to quash the service was not a waiver to have the jurisdictional question reviewed on appeal. 173 Ala. 593, 56 South. 203; 188 Ala. 232, 66 South. 479; 15 Ala. App. 647, 74 South. 749; 2 Port. 162; 54 Ala. 425, 98 U. S. 426, 25 L. Ed. 191; 245 U. S. 260, 38 Sup. Ct. 65, 62 L. Ed. 260, L. R. A. 1918C, 497, Ann. Cas. 1918B, 461.

Weil, Stakely & Vardaman, of Montgomery, for appellees.

Under the agreed statement of facts the Florida court rendered judgment which is not subject to collateral attack. 4 N. D. 452, 61 N. W. 1036, 50 Am. St. Rep. 669; 164 U. S. 89, 17 Sup. Ct. 27, 41 L. Ed. 360; (C. C.) 10 Fed. 696; Bigelow on Estoppel (6th Ed.) 317; 91 Ala. 245; 67 Fla. 146, 64 South. 745, Ann. Cas. 1916E, 1267; 4 Corpus Juris, 1365; 166 Ala. 138, 51 South. 932; 25 Ala. 534; 14 Wis. 222, 80 Am. Dec. 769; 105 Wis. 505, 115 N. W. 365; 75 Miss. 84, 21 South. 710.

SOMERVILLE, J. [1, 2] It has now become elementary law that any judgment rendered by the court of a sister state may be collaterally attacked and avoided for want of jurisdiction of subject-matter or person when it is sought to be enforced in a court of any other state. A personal judgment, whether against an individual or a corporation, must be grounded upon jurisdiction of the defendant's person lawfully acquired. Lucas v. Bank of Darien, 2 Stew. 280, 306; Puckett v. Pope, 3 Ala. 552; L. & N. R. R. Co. v. Nash, 118 Ala. 477, 23 South. 825, 41 L. R. A. 331, 72 Am. St. Rep. 181; Ingram v. Ingram, 143 Ala. 129, 42 South. 24, 111 Am. St. Rep. 31; Joseph & Bros. v. Hoffman, 173 Ala. 568, 56 South. 216.

This was a fundamental principle of the common law. 15 R. C. L. p. 847, § 321. It is now fixed in our jurisprudence by the due process clause of the Fourteenth Amendment to the federal Constitution, as construed by

the federal Supreme Court, and cannot be denied by virtue of either the decisions or statutes of a state.

[3] Under the agreed facts exhibited by the record in this case, the service of process from the Florida court on the president of the defendant corporation while temporarily sojourning in Florida did not avail as a personal service upon the corporation, and therefore could not support a personal judgment against it. This has been settled by the highest authority. Riverside Mills v. Menefee, 237 U. S. 189, 35 Sup. Ct. 579, 59 L. Ed. 910. In that case it was said by Mr. Chief Justice White:

"We content ourselves with saying that it results from them [the decisions reviewed] that it is indubitably established that the courts of one state may not, without violating the due process clause of the Fourteenth Amendment, render a judgment against a corporation organized under the laws of another state where such corporation has not come into such state for the purpose of doing business therein, or has done no business therein, or has no property therein, or has no qualified agent therein upon whom process may be served, and that the mere fact that an officer of a corporation may temporarily be in the state or even permanently reside therein, if not there for the purpose of transacting business for the corporation or vested with authority by the corporation to transact business in such state, affords no basis for acquiring jurisdiction or escaping the denial of due process under the Fourteenth Amendment which would result from decreeing against the corporation upon a service had upon such an officer under such circumstances."

In the Menefee Case, after the defendant's motion in impeachment of the jurisdiction had been overruled by the trial court, the defendant answered, and there was a trial on the merits followed by a judgment for the plaintiff. The defendant appealed from that judgment to the Supreme Court of North Carolina, insisting upon the invalidity of the service, and from a judgment of that court affirming the action of the trial court the defendant, a Virginia corporation, appealed to the federal Supreme Court. The attack on the North Carolina judgment was made directly by appeal, and in that vital respect that case differs from the case in hand. If in that case no appeal had been taken from the judgment of the trial court, or from the judgment of affirmance in the state Supreme Court, and the question had reached the federal Supreme Court by appeal from the judgment of a Virginia court sustaining the North Carolina judgment against collateral attack, we apprehend that the original judgment would not have been impeached for want of jurisdiction.

[4] And if in the instant case the defendant corporation had confined its appearance in the Florida court to an effort to dismiss the proceeding for want of jurisdiction, and,

the judgment being adverse, it had thereupon declined to appear generally and submit the cause for adjudication upon its merits, it seems clear that it could afterwards have successfully impeached any judgment rendered against it by the Florida court when sought to be enforced in the court of another state in a collateral suit.

But, having yielded to the judgment of the Florida court on the question of jurisdiction of its person by appearing and answering to the merits of the complaint, it must, upon sound principle, and we think upon sound authority also, be held to have conclusively waived the original failure in the service of process, and to have become provisionally bound by the judgment thereupon rendered— provisionally, that is, upon its reversal by direct appeal.

The effect of such an appearance and the validity of the judgment rendered thereon on appeal was fully considered by the Supreme Court of North Dakota in Miner v. Francis, 3 N. D. 549, 58 N. W. 343, and the court there said:

"We hold that a general appearance, after an objection to jurisdiction has been overruled, does not constitute a voluntary appearance, unless the contrary is shown, provided the defendant seeks a review of his objection to the jurisdiction of the court *in the very action* in which it is made. Of course, it is clear that a defendant may make a voluntary appearance after such an objection is overruled. That it was his purpose to make such an appearance would be conclusively established by his abandoning the point after judgment, *by not seeking to review it on appeal.* Hence such a judgment would never be vulnerable to *collateral* attack on the ground that the appearance was not voluntary." (Italics supplied.)

This view was affirmed by express decision in the later case of Parsons v. Venzke, 4 N. D. 452, 61 N. W. 1036, 50 Am. St. Rep. 669, 675.

Upon the question of whether or not a general appearance, after motion or plea to the jurisdiction has been overruled on a special appearance, operates as a waiver of that objection, even on direct appeal, the authorities are numerous and appear to be about evenly divided. 4 Corp. Jur. 1365, § 66; 4 Ann. Cas. 290, note; Henry v. Spitler, 67 Fla. 146, 64 South. 745, Ann. Cas. 1916E, 1267. Our case of De Jarnette v. Dreyfus, 166 Ala. 138, 51 South. 932, cited to the affirmative of that proposition in Corpus Juris, seems to turn upon a different ruling, and is not in point; and the case of T. O. Mills Co. v. P. W. & G. Co., 197 Ala. 429, 73 South. 18, is conclusive that on appeal the general appearance and contestation is not a waiver of jurisdiction. But we find no authority anywhere for the contention that, after such a general appearance, a resulting judgment on the merits of the cause is subject to collateral attack.

Our case of Roach v. Privett, 90 Ala. 391, 7 South. 808, 24 Am. St. Rep. 819, though not exactly like the instant case, is so strongly analogous that it may be regarded as conclusive of the principle involved. There the suit was on a judgment rendered on appeal by the Supreme Court of Tennessee in affirmance of a judgment of the circuit court, and it was said:

"The special plea of the defendant below was an attempt to impeach the judgment sued on, by showing that the nisi prius court which rendered the judgment appealed from, and which had thus merged into the judgment of the Supreme Court, was without jurisdiction; but it disclosed that the defendant had prosecuted the appeal, and submitted himself to the jurisdiction of the appellate tribunal. We concur with the circuit judge that this was fatal to the plea. It showed that the court which rendered the judgment sued on, the only subsisting judgment in the cause, had jurisdiction of the defendant, whatever may have been the fact in this regard as to the primary court. The defendant could not thus invoke the jurisdiction of the appellate court, and speculate on the chances of its favorable action, without being bound and precluded by whatever judgment should be rendered in the exercise of that jurisdiction. If he desired to avoid this result, and at the same time draw in question the jurisdiction of the primary court, his remedy was a writ of error coram vobis, under which it was open to him to show that the trial court had never acquired jurisdiction of his person, either by service of summons or attachment of his property. In that proceeding, upon a proper showing, the judgment below could have been expunged. Such is the course of the common law, which, in the absence of anything to the contrary, we are bound to presume obtains in Tennessee. Stephen's Pl. *119; Day v. Hamburgh, 1 Brown (Pa.) 75. But, as he elected to hazard the rendition of a valid judgment against him, by taking an appeal on a record which did not disclose the jurisdictional infirmity of which he complains, he cannot be heard to object that the judgment thus rendered in a proceeding instituted by him was void because of the absence of service on him in the primary court. The demurrer to the special plea was therefore properly sustained."

There can be no difference in principle between a submission to the jurisdiction of the court by pleading and obtaining a judgment on the merits of the cause and by appealing from a judgment rendered on the merits by default.

Our case of Semple v. Glenn, 91 Ala. 245, 258, 6 South. 46, 9 South. 265, 24 Am. St. Rep. 894, held that the judgment of a Virginia circuit court overruling an objection to jurisdiction based upon alleged insufficiency of personal service upon a Virginia corporation, and adjudging that the corporation was before the court (which was affirmed on appeal), was admissible in evidence as a valid judgment under the full faith and credit clause of the federal Constitution, though its recitals did not affirmatively show personal service. That case is therefore not an authority on the question now before us.

We conclude that the circuit court did not err in holding that the judgment sued on was founded upon jurisdiction of the defendant's person, and was not subject to collateral impeachment in this proceeding.

It results that the judgment of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.