194 So. 182

## NUNN BATTERY CO. v. BATTERY MFG. CO.

### 3 Div. 309.

Supreme Court of Alabama.

Feb. 22, 1940.

Jack Crenshaw, of Montgomery, for appellant.

Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, for appellee.

BROWN, Justice.

General assumpsit on account for merchandise, goods and chattels sold. Some of the counts declare on an account arising out of dealings directly between the plaintiff and the defendant, while the other counts declare on an account arising out of dealings between a third party, Red Cap Battery Company, and the defendant. The counts in the latter class follow, substantially, Form 11, prescribed by § 9531 of the Code 1923, for suits "by transferee," said counts concluding with the averment that the money claimed "is the property of the plaintiff."

The pleas were the general issue, payment and recoupment.

The appellant's contention on this appeal relates to the sufficiency of the evidence, and its competency going to show that the plaintiff acquired the account of the Red Cap Battery Company, through a bankruptcy proceeding in the Federal Court, adjudging the said Red Cap Battery Company a bankrupt, and a sale of its assets under the order of the court. The only testimony offered by the plaintiff being the parol testimony of the witness, Dan Sabel, given ore tenus. The substance of the witness's testimony is embodied in an answer to a question put to him by plaintiff's counsel, to wit:

" 'The Red Cap Battery Company was sold in bankruptcy the latter part of 1935, and I operated at that time about two or three months as an individual, carrying that Nunn account as an individual, which I had purchased from the court sale, and, in turn, sold it to the new company, when it was organized in February of 1936.

"Q. 'From that time on, did that account continue in the name of The Battery Manufacturing Company?' A. 'Yes.'

"Q. 'And was owned by the Battery Manufacturing Company?' A. 'Yes.' "

There was no objection to this testimony, but the defendant after exercising the right of cross-examination in response to which the witness reiterated his testimony, moved to exclude the testimony.

Aside from the fact that the defendant's motion was ill timed—came too late—Reese v. Mackentepe, 224 Ala. 372, 140 So. 550, we are of opinion, in the absence of a special plea denying the capacity in which the plaintiff sues, the modus of acquiring the account was merely inci-

98

dental, and within the well recognized exception to the best evidence rule that ownership of personalty as between others than the parties to the assignment may be shown by parol. Street v. Nelson et al. 67 Ala. 504.

■ Section 9470 of the Code 1923 limits the scope of the general issue to the existence of the account declared on—its substance—and not the right of the plaintiff to sue as transferee thereof.

In Louisville & Nashville Railroad Co. v. Trammell, 93 Ala. 350, 353, 9 So. 870, 872, it was said: "It has never been supposed that the statute, to which we have referred, enlarged the office of this plea; and, on the contrary, we apprehend the general understanding to have been—and such has certainly been the practice—that this form of defense goes only in traverse of the misconduct, resulting in injury, which the complaint imputes to the defendant,—the facts out of which the liability arises,—and not in denial of the plaintiff's right to enforce the liability, if it existed at all."

This scope of the plea was applied in an action on account by an administrator in Espalla v. Richard & Sons, 94 Ala. 159, 10 So. 137, and in Hicks et al. v. Biddle, 218 Ala. 2, 4, 117 So. 688, 690, it was observed: "The rule in this jurisdiction in actions at law is that, unless the capacity in which the plaintiff sues is denied by special plea, this fact need not be proved. * * * The rule is justified, and in part is the outgrowth of our modified system of pleading in such actions which dispenses with the necessity of making profert, and in which the statute prescribes the form and limits the scope of the plea of the general issue, requiring special defenses to be specially pleaded."

In Alabama Gold Life Insurance Co. v. Mobile Mutual Insurance Co., 81 Ala. 329, 334, 1 So. 561, 565, it was held that the fact of insurable interest, a fact essential to the very existence of the contract of insurance, and the right of plaintiff to take and to save the assignment from being void as against public policy, was put in issue by the plea of the general issue, but did not put in issue the ownership of the contract. The court there observed: "Though the rule may operate to prevent the defendant to dispute the factum of the assignment, or the mere ownership of the plaintiff, except by sworn plea, it does not operate to prevent him to dispute the existence of the interest, on which the legality of the policy depends, without such plea."

In Northern Alabama Ry. Co. v. Feldman, 1 Ala.App. 334, 56 So. 16, the action was for damages for the loss of plaintiff's goods, and plaintiff's property in the goods was the sine qua non of his right.

■ In the instant case the plaintiff had the burden of showing that the defendant owed the debt, and the defendant had the right, under the general issue, to contest every item, but in the absence of special plea denying the plaintiff's ownership as transferee, the capacity in which he sued on the Nunn Battery account, that was not a vital issue in the case.

The rulings of the circuit court appear to be free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.