29 So.2d 572
## LAMBERT v. NATIONAL CASUALTY CO.
### 4 Div. 449.

Supreme Court of Alabama.
March 20, 1947.

W. P. Calhoun and L. A. Farmer, both of Dothan, for appellant.

Oscar L. Tompkins, of Dothan, for appellee.

BROWN, Justice.

Special assumpsit by appellant, the beneficiary named in an accident policy of insurance insuring the life of Henry Lambert of Dothan, Alabama, hotel or restaurant proprietor, "Against—(1) Loss of life, limb, sight, or time, resulting directly and exclusively of all other causes from accidental bodily injury, sustained during the life of this policy, by the happening of an external, violent and accidental event (suicide, sane or insane, or any attempt thereat, not included), * * *."

The case went to the jury on count A-2 of the complaint, declaring on said quoted clause of the policy and the plea of the general issue pleaded by the defendant.

The evidence in the case, which was purely circumstantial, goes to show that the insured came to his death on the 28th of January, 1945, as the result of a wound inflicted by a pistol bullet, which entered his head just above the right ear ranging slightly upward and passing out on the left side of his head. It does not appear at just what time this wound was inflicted or by whom. The evidence shows that the death occurred on Sunday morning; that he was last seen uninjured and on his way home, driving his car on Thursday night, the 26th of January. The plaintiff, his mother, testified that she last saw the deceased when she was leaving home on Thursday about 4 o'clock previous to his injury; that the deceased was preparing to leave the house at the same time and that she closed and locked the door. She returned home at about 4 o'clock the following day and found the deceased still alive, but wounded and unconscious, lying on the floor beside his bed, face downward with the pistol wounds in his head. His head was lying north toward the wall or closet and his feet with shoes on were extended south toward a rocking chair which he used in his room. A pistol with a sock of defendant wrapped around the stock or grip was on the floor about three feet from insured's feet.

The evidence further shows that when deceased was last seen down town on Thursday night driving his car, that he carried the witness Mrs. Clyde Whitehead who worked in his store to her home and told her that he would be by for her the next morning and that they would open the store. Deceased had been drinking for several days and had closed the store. On his failure to come the next morning Mrs. Whitehead sent a taximan to the house to see what the trouble was and he returned saying that the room was dark and he couldn't see inside the room, that he tried to look in. Mrs. Whitehead then procured a taxi and driver and went to the house and had the taxi driver make an inspection and he also reported that he tried to look in through the window and could not see anything or anybody.

Mrs. Lambert testified that she returned home on Friday afternoon at 4 o'clock and the door was unlocked and slightly ajar. The evidence further shows that the deceased customarily carried a billfold with

considerable currency in it. The billfold was not found on his body but the undertaker took from his pocket some bills and checks amounting to about $272 which he delivered to the plaintiff when he took the body away from the house.

The evidence shows that the plaintiff and the deceased, mother and son, had lived in this house 47 years, the son being 47 years of age. There was also evidence going to show that the deceased and the plaintiff had had a row about Mrs. Clyde Whitehead and that deceased had locked his mother in the store and carrried Mrs. Whitehead to her home a few days before he was found wounded. It was shown that deceased stated to his uncle that before he would be worried to death by these women he would kill himself.

The court after fully instructing the jury as to the law applicable in the case gave at the request of the plaintiff the following special written charge: "The Court charges the jury that if you are reasonably satisfied from the evidence in this case that Henry Lambert was murdered by someone other than himself then they should find a verdict for the plaintiff." There was a verdict and judgment for the plaintiff for the face amount of the policy and on motion for new trial this verdict was set aside and new trial granted because of the said instruction, which the trial court held constituted error.

■ Under the issues as presented by the count of the complaint on which the case was submitted to the jury and the general issue pleaded thereto, the burden rested upon the plaintiff to show that said death resulted directly from bodily injury effected solely through external, violent and accidental means, independent of all other causes. Nunn Battery Co. v. Battery Mfg. Co., 239 Ala. 96, 194 So. 182.

■ The special charge given by the court authorized a verdict for the plaintiff though said death was caused by external violence intentionally inflicted by some person other than the deceased. Such death is not within the coverage of the policy contract. Sovereign Camp, W. O. W., v. Gunn, 229 Ala. 508, 158 So. 192.

■ The evidence, in the light of the presumption of innocence, presented a question for jury decision. Fleetwood v. Pacific Mutual Life Ins. Co., 246 Ala. 571, 21 So.2d 696, 159 A.L.R. 171; Protective Life Ins. Co. v. Swink, 222 Ala. 496, 132 So. 728.

The ruling of the court granting motion for new trial is free from error.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.