30 So.2d 247

### Ex parte TEXTILE WORKERS UNION OF AMERICA.

### 7 Div. 897.

Supreme Court of Alabama.
April 24, 1947.

Isadore Katz and David Jaffe, both of New York City, and Ling & Bains of Bessemer, for petitioner.

Horace C. Wilkinson, of Birmingham, and Chas. F. Douglass, of Anniston, for respondent.

STAKELY, Justice.

This is an original petition to this court by Textile Workers Union of America, an unincorporated association, for a writ of prohibition or in the alternative for a writ of mandamus. The proceeding here grows out of certain rulings made by Hon. Lamar Field, Judge of the Circuit Court of Calhoun County, involving, among other things, the jurisdiction of that court. Upon issuance of the rule nisi, Judge Field filed answer. The cause is submitted here on petition and answer. We shall undertake to show that petitioner is entitled to mandamus, but not to prohibition.

On January 11, 1940, one Madge Richardson filed suit in the Circuit Court of Calhoun County against Textile Workers Union of Anniston, Alabama, and Vicinity, Local 204, Textile Workers Organizing Committee of the C. I. O., commonly known as Utica Local 204, Miss Virginia Browning, Miss C. Strickland and Mrs. Lillie Badgett. Process was served by the Sheriff on Textile Workers Organizing Committee and also on Miss C. Strickland, Miss Virginia Browning and Mrs. Lillie Badgett.

On February 26, 1941, the Honorable R. B. Carr, then Judge of the Circuit Court of Calhoun County, ordered a repleader. Pursuant thereto the plaintiff filed an amended complaint the parties defendant then being named as Local 204 of the Textile Workers Union of America, an unincorporated association, Miss Virginia Browning, Miss C. Strickland and Mrs. Lillie Badgett. Thereafter Miss Virginia Browning married and became known in the proceeding as Virginia Browning Holloway.

In May 1941, the case was tried, resulting in a verdict of the jury and judgment against Local 204 of the Textile Workers Union of America, an unincorporated association, and Virginia Browning Holloway. Appeal was taken to the Supreme Court of Alabama. The decision of the Supreme Court of Alabama rendered on October 7, 1943, is reported as Local 204 of Textile Workers Union of America et al. v. Richardson, 245 Ala. 37, 15 So.2d 578. The Supreme Court of Alabama reversed the judgment and remanded the cause to the Circuit Court of Calhoun County.

On September 18, 1946, the plaintiff amended her complaint by changing the caption to read as follows:

"Mrs. Madge Richardson, Plaintiff, vs. Local 204 of the Textile Workers Union of America, an unincorporated association; Congress of Industrial Organization, an unincorporated association doing business in Calhoun County, Alabama as Local 204 of the Textile Workers Union of America; Textile Workers Union of America, an unincorporated association, doing business in Calhoun County, Alabama as Local 204 of the Textile Workers Union of America, an unincorporated association, and Textile Workers Organizing Committee of the Congress of Industrial Organization, Local 204, an unincorporated association; Virginia Browning Holloway."

At no time has there been any service of process except as hereinabove stated. On September 27, 1946, petitioner appeared specially in the Circuit Court of Calhoun County for the purpose of filing pleas in abatement presenting in substance the defense that the court had no jurisdiction over the petitioner because there had been

no service upon petitioner and because petitioner was neither present in or doing business in Calhoun County, Alabama, being a nonresident of Alabama with its home office in New York, N. Y. The plaintiff objected to the filing of the pleas in abatement and consideration of the pleas. On the same date the court sustained the objection. To this ruling petitioner reserved an exception.

Confronted with the adverse ruling petitioner elected to plead further to the merits, including pleas raising the statute of limitations. The case went to trial and at the conclusion of the evidence the plaintiff again amended her complaint to make the caption read as follows:

"Mrs. Madge Richardson, Plaintiff v. Local 204 of the Textile Workers Union of America an Unincorporated Association; Congress of Industrial Organizations, an Unincorporated Association, doing business in Calhoun County, Alabama, as Local 204 of the Textile Workers Union of America; Congress of Industrial Organization an Unincorporated Association, alias, Local 204 of the Textile Workers Union of America; Textile Workers Union of America, an Unincorporated Association, doing business in Calhoun County, Alabama, as Local 204 of the Textile Workers Union of America, an Unincorporated Association; Textile Workers Union of America, an Unincorporated Association, alias Local 204 of the Textile Workers Union of America, and Virginia Browning Holloway, defendants."

Upon the filing of the last mentioned amendment, petitioner attempted to refile its pleas in abatement which show that petitioner appeared specially for the purpose only of filing such pleas. The court sustained the plaintiff's objection to the filing and consideration of the pleas in abatement, petitioner reserving exception. The pleas to the merits, including the pleas of the statute of limitations, were then refiled to the complaint as last amended. The case then went to the jury, the only plea of the defendant being the general issue, the pleas of the statute of limitations having been charged out by the court. The result was a mistrial. The case will be set for trial again when the proceeding here has been determined.

According to the allegations of the petition Textile Workers Union of America is an unincorporated association existing under and by virtue of a constitution adopted by it in May, 1939. A copy of the constitution is attached to and made a part of the petition. The petition further alleges that petitioner is a nonresident of the State of Alabama and that petitioner is an International Labor Union with its home office in New York City, N. Y., and has affiliated with it numerous textile local labor unions throughout the United States of America, one of which is Local 204 of the Textile Workers Union of America, an unincorporated association located at the Utica Knitting Company in Anniston, Alabama; the petition further shows that Local 204 is a local of petitioner and exists as such local by virtue of a charter issued to it by petitioner on June 1, 1939, copy of which is attached to the petition and made a part thereof.

The answer of Judge Field concedes that the only service in the cause is as stated in the petition. In his answer he takes the view that whether the Textile Workers Union of America, petitioner, was for the first time brought into the trial of the cause by the amendment to the complaint, depends on whether petitioner was doing business in Calhoun County as Local 204 of the Textile Workers Union of America at the time the original complaint was filed. His answer further shows that he is of the opinion and so ruled that if Local 204 was a name under which the Textile Workers Union of America was engaged in business in Calhoun County at the time the wrongs complained of were committed and that the real defendant in the case was sued and served under the name of Local 204, then there was no change in the real party defendant in the case. His answer further shows that he is of the opinion and so ruled that jurisdiction over Textile Workers Union of America turned on whether Local 204 was a separate and distinct organization wholly unrelated to the Textile Workers Union of America or whether the action of Local 204 was in truth and in fact the action of Textile Workers Union of America under the name of Local 204, the two organizations being really but one organi-

zation. The judge further shows in his answer that the foregoing questions were submitted to the jury for its determination under the general issue along with the other issues in the case.

The Congress of Industrial Organizations, an unincorporated association, which was also named in the foregoing amendments, has filed a separate petition seeking relief similar to that here sought upon allegations substantially similar to the allegations in the petition before us. The answer of Judge Field in that case is substantially the same as his answer in this case. Decision in this other case will turn on the decision in the case now under consideration.

■ It is an accepted principle that every court of general jurisdiction has the judicial power to determine the question of its own jurisdiction. Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104; Texas & Pacific Ry. Co. v. Gulf, Colorado & Sante Fe Ry. Co., 270 U.S. 266, 46 S. Ct. 263, 70 L.Ed. 578; Goodman v. Winter, 64 Ala. 410, 38 Am.Rep. 13. This does not mean that the decision may not be erroneous, but it does mean that such a decision stands until set aside by the court of last resort (authorities supra), with the exception as to attack on the judgment of a sister state, a situation not here applicable. Haas-Phillips Produce Co. v. Lee & Edwards, 205 Ala. 137, 138, 87 So. 200; Kingsbury v. Yniestra, Adm'r, 59 Ala. 320.

■ We think it is plain that Judge Field has decided that jurisdiction over petitioner turns on whether petitioner is in truth the legal entity on which service was had. According to his ruling, if at the time of service, petitioner was doing business in Calhoun County as Local 204 of the Textile Workers Union of America, an unincorporated association, then petitioner by such service was then brought into court because instead of two separate legal entities there is but one legal entity. According to his ruling if petitioner was not in truth Local 204 of the Textile Workers Union of America, then petitioner was not before the court as a party defendant. According to his ruling the foregoing presented a question for the jury which he in due course submitted to the jury under the plea of the general issue. There was no determination of the issue because the trial resulted in a mistrial. It is also clear to us that Judge Field will proceed in a similar manner on further trial of the cause unless this court decides to the contrary.

In taking the procedure which has been described Judge Field was seeking to determine the jurisdiction of the Circuit Court of Calhoun County. This was not usurpation, but was the exercise of a power inherent in the court because the court rightfully had the jurisdiction, which is the legal power, to determine its own jurisdiction. Authorities supra. When the situation is analyzed, this court is now asked to do nothing more than to review the action of the court through a writ of prohibition. And the action sought to be reviewed is a decision or ruling which the court has made and to which the court will adhere, unless we direct to the contrary. In this state the writ of prohibition is not available for such purpose.

■ In the case of Ex parte Cox, 230 Ala. 656, 162 So. 670, a motion was made to determine whether defendant had such interest in the property levied on as to make it subject to levy by attachment. The court determined that the defendant did have such interest. This court in refusing to review the ruling by prohibition said:

"The writ of prohibition cannot be made to serve the purpose of the writ of certiorari to correct mistakes of the court, as to questions of law or fact within the jurisdiction of such court. * * *

"If the inferior court rightfully has jurisdiction, and in its proceedings commits error, prohibition is not the remedy for their correction. * * *

"Prohibition is not a revisory writ, and should not be awarded unless the complaining party has been drawn ad aliunde examen into a jurisdiction or mode of procedure disallowed by the laws of the land, or where by handling matters clearly within their cognizance the inferior courts

transcend the bonds (?) prescribed to them by the law * * *."

. And so we will not issue the writ of prohibition, which brings us to a consideration of mandamus.

As we have tried to show, the court was engaged in the exercise of an inherent right, the right to determine its own jurisdiction. Now we must go a step further. Was it using a proper procedure to determine that right? Local 204 of the Textile Workers Union of America, an unincorporated association, is properly before the court as a defendant. The plaintiff contends that Textile Workers Union of America, an unincorporated association, is also properly before the court because the two are in truth one and the same legal entity. The Textile Workers Union of America contends that it is a separate legal entity from Local 204, is a nonresident of the state and was not doing business in Calhoun County at the time of the alleged wrong or at the time it was sought to be made a party to the cause. How should the question be presented? The lower court holds that the issue should be determined under the general issue.

■ At this point we digress for a moment to refer to the respective arguments in brief that Local 204 of the Textile Workers Union of America and the Textile Workers Union of America are either one and the same legal entity or separate legal entities. The arguments are based on the construction to be given their respective charters along with other evidence. . This is. a question which must first be determined in the trial court. The court here is an appellate court and we have often said that we will not by mandamus try a case piecemeal. Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512; Ex parte Jones, 246 Ala. 433, 20 So.2d 859; Jackson Lumber Co. v. W. T. Smith Lumber Co., 247 Ala. 661, 25 So. 2d 853. Since it is agreeable to both parties, we will determine whether the court acted correctly in refusing to allow the pleas in abatement to be filed and in refusing to pass on their sufficiency. It is true that in Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510, we granted mandamus

but that was because of the public interest in the type of litigation before the court.

The question of procedure now before us should not be confused by those cases which hold the dominant corporation responsible for the acts of its subsidiary, which is a mere instrumentality or adjunct of the dominant corporation. Forest Hill Corp. v. Latter & Blum, Ala.Sup., 29 So. 2d 298.[1] In those cases so far as we can ascertain, the dominant corporation was without question before the court. Here it is conceded that there has been no service on Textile Workers Union of America, unless it is brought into court by service on the local organization.

■■ It seems to us that the pleas in abatement should be received by the court and their sufficiency passed upon by the court for two reasons. 1. It is the proper way to set up the defense of misnomer or misdescription of petitioner. 2. The procedure is proper to question the jurisdiction of the court over the person of petitioner.

Petitioner should have the right to present by plea in abatement its claim of misnomer or misdescription through an allegedly incorrect name. Our statutes, § 142 et seq., Tit. 7, Code of 1940, emphasize the importance of the name when suit is by or against an unincorporated association. Grand International Brotherhood of Locomotive Engineers v. Green, 210 Ala. 496, 98 So. 569, error dismissed 265 U.S. 576, 44 S.Ct. 636, 68 L.Ed. 1187. If petitioner has been brought into court through a name not its own, then plea in abatement is the proper procedure. Oates v. Clendenard, 87 Ala. 734, 6 So. 359; Western Ry. of Alabama v. McCall, 89 Ala. 375, 7 So. 650; Cantley v. Moody, 7 Port. 443; 1 C.J. p. 121; 1 C.J.S., Abatement and Revival, §§ 95, 96; 1 Am.Jur. § 12, p. 26; Will's Gould on Pleading, p. 441. The purpose of a plea of misnomer is not only to aver the true name but also to negative the fact that the defendant is or was known by the name employed. Freeman v. Pullen, 119 Ala. 235,. 24 So. 57.

■ The pleas which were offered in substance show that there has been no service on Textile Workers Union of America.

---

[1] Ante, p. 23.

and that it is a nonresident of the State of Alabama and was not present or doing business in Calhoun County at the time it was sought to be brought into court as a defendant or at the time of the alleged wrong. Such pleas are pleas in abatement. Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 So. 663; Karthous v. Nashville, Chattanooga & St. L. Ry. Co., 140 Ala. 433, 37 So. 268; Tigrett v. Taylor, 180 Ala. 296, 60 So. 858; Ford Motor Co. v. Hall Auto Co., 226 Ala. 385, 147 So. 603.

We do not think that petitioner should be deprived of the benefit of these pleas by allowing the issues presented by them to be determined under the general issue. A plea in abatement, among other things, has the benefit which requires its disposition before a plea in bar. In the case of Rhode Island Ins. Co. v. Holley, 226 Ala. 320, 146 So. 817, 821, this court said:

"We are thus at the conclusion that the court below committed error in forcing defendant over its apt and timely objection and exception, to file its pleas in bar before the issues presented by its pleas in abatement had been heard and determined, and in requiring that the issues presented by the pleas in abatement and in bar be tried at the same time. * * *."

See also Ford Motor Co. v. Hall Auto Co., supra.

But the court ruled that whether petitioner was or was not doing business in Calhoun County under the name of Local 204 of the Textile Workers of America was an issue under the general issue. In defining the scope of the general issue under § 225, Title 7, Code of 1940, where the capacity or character in which the defendant is sued, is denied, our cases hold that such denial must be by special plea. For example when the suit is against a personal representative, "a denial of such character is not involved in a mere denial of the plaintiff's cause of action, but must be specially pleaded." Espalla v. Richard & Sons, 94 Ala. 159, 10 So. 137, 139. See also Hicks v. Biddle, 218 Ala. 2, 117 So. 688; Nunn Battery Co. v. Battery Mfg. Co., 239 Ala. 96, 194 So. 182.

The petition here shows that in the caption only of the complaint filed in the Circuit Court of Calhoun County, petitioner is referred to as doing business under the name of Local 204 of the Textile Workers Union of America. Is this a showing as to the character or capacity in which petitioner is sued or is it merely descriptive of petitioner? It seems to us that it is merely descriptive. If so and the description is erroneous, a plea of misnomer is the proper way to raise the question. Authorities supra. But it is worth noting that even if the question is one of the character or capacity in which the petitioner is sued, such a question must be raised by special plea and not under the general issue, if petitioner wishes to get the benefit of the defense. Authorities supra. The difference is that misnomer or misdescription is a plea in abatement, while the other is a plea in bar. United States Rolling Stock Co. v. Weir, 96 Ala. 396, 11 So. 436; Logan, Adm'r, v. Central Iron & Coal Co., 139 Ala. 548, 36 So. 729.

If an error is made in the name of a party, it may be corrected by amendment. The question as to whether the amendment makes an entire change of parties is a question to be determined in the trial court before the issues in bar are made up. This principle is not applicable here as it was in Springer v. Sullivan, 218 Ala. 645, 119 So. 851, cited in behalf of respondent. In that case the question was whether there was an error made in the name of one of the plaintiffs and whether the amendment made an entire change of parties. It was raised by an objection to the amendment. On that objection, it was the duty of the judge to determine whether the amendment was merely a change in the name by which plaintiff sued. It was noted that defendants did not take issue on the allegation of error in the name and, therefore, that was admitted. In Manistee Mill Co. v. Hobdy, 165 Ala. 411, 51 So. 871, 138 Am.St.Rep. 73, cited in behalf of respondent, there was service of the amended complaint on Vastine J. Herlong, alleged to be doing business under the name of Manistee Mill Company. The plea was the statute of limitations and the question was whether the amendment related back to the commencement of the

144

suit. This court held, as provided by what is now § 239, Title 7, Code of 1940, that it was a question of fact whether Vastine J. Herlong and the Manistee Mill Co. were one and the same. It will be observed that in the foregoing case regardless of the finding on this issue, the party to be bound by the judgment was before the court. Here the Textile Workers of America cannot be bound if it is not the same entity as Local 204 of the Textile Workers of America because of lack of service on it, and should not be put to a defense in bar including the statute of limitations, until it is properly brought into court and served with process. It has the right to have it determined whether it is before the court through service on Local 204 of the Textile Workers of America before being required to plead to the cause of action.

■ All of this makes us conclude that the issue under. discussion should not be tried under the general issue, which is a mere denial of plaintiff's cause of action. It is directed that the pleas in abatement be filed and their sufficiency considered. Any order inconsistent therewith shall be set aside.

■ By pleading to the merits under the circumstances disclosed in the petition, there was no waiver of the pleas in abatement. Terminal Oil Mill Co. v. Planters' Warehouse & Gin Co., 197 Ala. 429, 73 So. 18; Rhode Island Ins. Co. v. Holley, 226 Ala. 320, 146 So. 817.

Let the writ of mandamus issue. The writ of. prohibition is denied.

, All the Justices concur.