329 So.2d 566

**STOTLER & COMPANY, a corporation**

v.

**Wayman BUTTRAM.**

**Civ. 697.**

Court of Civil Appeals of Alabama.

March 3, 1976.

Rehearing Denied March 31, 1976.

Loma B. Beaty, Fort Payne, for appellant.

No appearance for appellee.

WRIGHT, Presiding Judge.

Plaintiff appeals from the granting of a directed verdict in favor of defendant. Affirmed.

The complaint alleged that defendant owed plaintiff $213.00 on an open account. The $213.00 supposedly represented losses and commissions due on plaintiff's account trading in hog futures. Defendant answered by pleading the general issue.

At pre-trial it was stipulated that certain business records of plaintiff would be admissible. These records consisted of statements of account addressed to defendant and margin requests instructing defendant that his account was undermargined. Although both the statements and the margin requests contained defendant's name and address, there was nothing to indicate that they were sent to defendant or received by him.

At trial before jury plaintiff introduced the records referred to above, then rested. Defendant moved for directed verdict. Plaintiff reopened its case, calling defendant as a hostile witness. Defendant denied having any transactions with plaintiff, denied that he owed plaintiff any money, and said he had paid plaintiff nothing. Plaintiff again rested. At this point the court granted defendant's motion for directed verdict.

In an action on account, the plaintiff has the burden of showing that he is owed a debt by the defendant. *Nunn Battery Co. v. Battery Mfg. Co.*, 239 Ala. 96, 194 So. 182. The business records, stand-

ing alone, in no way sustain the plaintiff's burden of proving that a debt existed. The records themselves do not show any contractual agreement between defendant and plaintiff. No officer or employee of plaintiff testified that defendant had authorized the purchase of hog futures and that the records represented the amount due plaintiff under those transactions. Although the records were addressed to defendant, nothing contained therein shows that they were mailed to or received by defendant. Plaintiff places great weight on defendant's statement that he never paid plaintiff anything. This statement in no way authenticates the records or shows a debt due to plaintiff. Indeed, throughout his testimony defendant denied the existence of any debt.

Under the facts as shown by the record, the court correctly granted defendant's motion for directed verdict.

AFFIRMED.

BRADLEY and HOLMES, JJ., concur.