WRIGHT, Presiding Judge.
Defendants appeal from judgment in favor of plaintiff after suit on account. Defendants entered into a written contract with contractor Maynard whereby Maynard was to furnish materials and construct a beach house according to plans and specifications for defendants in Gulf Shores, Alabama. Plaintiff is a building supply firm in Gulf Shores.
In March or early April of 1977, defendants inquired of officers of plaintiff as to their knowledge of Maynard as a contractor in Gulf Shores. They were informed that Maynard had been building for about a year and had purchased materials from plaintiff and had a good reputation.
Thereafter, on April 9, defendants executed the contract with Maynard. The total contract price was $21,756 payable in four installments. The types of materials to be furnished and used by Maynard were generally set out in the contract. Thereafter, defendants informed plaintiff that they had contracted with Maynard to build their house.
Plaintiff opened an account with Maynard for furnishing materials to be used in construction of the defendants’ house and the first delivery was made to the site. From time to time thereafter, defendants, by agreement with Maynard, came to plaintiff’s store and selected styles and brands of materials to be used. They opened no account and were given no notice of delivery of materials to the house site as they were made. The materials were billed to C. D. Maynard for the Marsala job.
There was testimony that in May plaintiff’s employees and defendants discussed the delinquency of Maynard’s account and that Mr. Marsala told them that he would check before he made further disbursements to Maynard and would see that they got their money.
On June 29, 1977, plaintiff wrote a letter to defendants referring to the prior conversation with defendant that he would check with plaintiff before making any more payments to their contractor Maynard. The letter stated Maynard had made no payments, his balance was $6,545.60 and that plaintiff’s only recourse would be against defendants.
Subsequently defendant Mr. Marsala contacted Maynard about the account and instructed Maynard to meet him at plaintiff’s store. On July 7, 1977, Maynard and Marsala met at plaintiff’s. Maynard said he had made a payment on the account. Plaintiff’s officer said a payment of $4,000 had been received from Maynard but not on the Marsala job account. At this time Marsala made out a check to Maynard in the sum of $3,439.00, representing the third installment under the construction contract. Maynard endorsed the check and gave it to plaintiff. The account was credited in that amount together with a 2% “contractors” discount.
*481 In early August, Mrs. Marsala inquired of plaintiff as to the balance Maynard owed on the account, and advised plaintiff to let Maynard have a few additional minor items, but not to let him have any large amount of material because he had enough on the job to finish. On August 5, 1977, plaintiff wrote Marsala at his residence in Mississippi advising that Maynard had walked off the job. There was an attached statement of the account of Maynard with the amount then due.
Defendants completed the house after Maynard abandoned it.
We have related the relevant evidence presented as it most favored plaintiff. It was after hearing this evidence without a jury that the judge rendered judgment against defendants in the sum of $4,399.33 plus interest of $163.96. Upon review, we find the evidence insufficient as a matter of law to support a judgment on account in favor of plaintiff.
A suit on account is an action in assumpsit and must be founded upon a contract, express or implied. Dees v. Self Brothers, 165 Ala. 225, 51 So. 735 (1910). The burden is upon plaintiff to show that he is owed a debt by defendant. Stotler & Co. v. Buttram, 57 Ala.App. 511, 329 So.2d 566 (1976). Our review discloses no evidence tending to show that defendants purchased the materials, authorized plaintiff to charge to them or promised to pay for them. The evidence is clear that plaintiff extended credit to Maynard for the materials to build defendant’s house just as they had done when he built other houses. Plaintiff’s effort to place responsibility for the account upon defendants merely because the account was shown to be for the “Marsala” job must fail. Such designation means only what it says. It served only for identification. Such identification would have been of use if this were an action to establish a materialmen’s lien under the statute. It would tend to show that the materials went into the improvements to the Marsala’s property. This is not an action to establish a lien upon property because of furnishing materials which were used to improve that property. This is an action on a contract only. Notice to the owner of the furnishing of materials to the contractor for construction is not a necessary element to the liability of the owner in this case. The evidence of plaintiff that defendants knew of the indebtedness of the contractor and pledged to aid plaintiff in securing payment from him fails to provide any basis for a promise by defendant to pay that indebtedness. Even if defendants had agreed in some oral conversation to pay the indebtedness of Maynard, such agreement or promise would not be enforceable because of the requirement of the statute of frauds. § 8-9-2(3), Code of Alabama (1975).
Defendants have cited the case of Crosby v. Hale, 277 Ala. 542, 173 So.2d 85 (1965), in support of their argument for reversal. We find the opinion of the court in that case to be substantially dispositive of the issues in this case. The distinctions between the facts of that case and the facts in this case relied upon by plaintiff in brief are not of legal significance.
We therefore reverse the judgment rendered below in favor of plaintiff because it is not supported by the evidence. We hereby direct judgment in favor of defendants.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.