I concur in the main opinion. In so doing, I do not find it necessary to express, and I do not intend by my vote to express, any view as to whether an inmate's eligibility for relief under § 13A-5-9.1 may turn solely on the nature of the offense of which he or she was convicted.
In concurring in the main opinion, I conclude that the "sentencing judge and the presiding judge" have jurisdiction to decide the cases of inmates asserting that they arenonviolent convicted offenders within the contemplation of§ 13A-5-9.1, as opposed to only those cases where it is ultimately determined that the inmate is a nonviolent convicted offender. Even if the latter interpretation were correct, however, I do not see how the result in this case would change.
The trial judge entered a judgment on July 13, 2005, in which he determined that Butler was a nonviolent convicted offender. This issue was fully and fairly litigated by the parties, and the determination of the issue was necessary to the judgment entered by the trial judge. The trial court in the present case, i.e., the circuit court, is a court of general jurisdiction and has "exclusive original jurisdiction of all felony prosecutions." Ala. Code 1975, § 12-11-30(2). As such, the circuit court "has the judicial power to determine the question of its own jurisdiction. This does not mean that the decision may not be erroneous, but it does mean that such a decision stands until [properly] set aside by the court of last resort." Ex parte Textile Workers Union of America,249 Ala. 136, 141, 30 So.2d 247, 250 (1947) (citations omitted). As this Court stated in Carter v. Mitchell,225 Ala. 287, 292, 142 So. 514, 518 (1932):
 "When a court has the right to decide as to its own jurisdiction, its decision in favor of that jurisdiction, if within its ordinary powers, will have the same effect and conclusiveness as would its decision on any other matter, especially when dependent on a fact which it is required to ascertain."
In his July 13 judgment, the trial judge determined that Butler was a nonviolent convicted offender. Thus, even if §13A-5-9.1 gave the trial judge jurisdiction only in those cases in which it is ultimately determined that the inmate seeking sentence reconsideration is a nonviolent convicted offender, the July 13 judgment was tantamount to a decision by the trial judge that Butler's case met the jurisdictional requirements of that statute. Furthermore, that decision and the concomitant relief ordered by the trial judge constituted a final judgment, which, after 30 days, the trial court no longer had jurisdiction to alter, amend, or vacate. As the main opinion recognizes, "`[i]t is well settled that a circuit court generally retains jurisdiction to modify a judgment for only 30 days after the judgment is entered.'" 972 So.2d at 824 (quotingLoggins v. State, 910 So.2d 146, 148
(Ala.Crim.App. 2005)); see also Ex parte Bishop,883 So.2d 262, 264 (Ala.Crim.App. 2003).
The Court of Criminal Appeals reasoned in this case that "a void judgment has no legal effect upon later proceedings in a *Page 827 
case," 972 So.2d at 818; however, for that rule to operate there must in fact be proper "later proceedings." Here, there were not. The State argues that its motion to reconsider the July 13 judgment should be treated as a motion under Rule 24, Ala. R.Crim. P. See Rule 24.4, Ala. R.Crim. P. (generally extending to 60 days the time within which the trial court has jurisdiction to consider a Rule 24 motion filed within 30 days after the pronouncement of sentence). By its terms, however, Rule 24 is not available to the State. The State does not argue that the motion it filed following the entry of the July 13 judgment constitutes any other recognizable motion or petition that would have served to extend the trial court's jurisdiction beyond 30 days from its July 13 judgment. Nor does this case involve an effort by the State to seek some form of appellate relief directly from the July 13 judgment.